79 A.3d 510

Carol STUCKLEY, Jane and John Johnson, Gene Epstein, Kris Riley, John Melsky, Ruth Ann Melsky–Moore, Otto Schneider, Gertrude Schneider, James Defalco, Pam Fitzpatrick, Taylor Baudeley, Leo Fitzpatrick, Rachel Baudeley, Frances Bielski, Nick Seibel, Edwin Bielski, and Theresa Parrilla

v.

ZONING HEARING BOARD OF NEWTOWN TOWNSHIP and Board of Supervisors of Upper Makefield Township

v.

Toll Brothers, Inc., Dolington Land, LLP, Toll PA XIII LP, Leo Holt, Intervenors

Appeal of Toll Brothers, Inc., Dolington Land, LLP, and Toll PA XIII LP, Intervenors.

Supreme Court of Pennsylvania.

Argued Sept. 12, 2012.

Decided Oct. 30, 2013.

510

Tracy Paul Hunt, Esq., Timby Hunt, L.L.C., Conshohocken, for Leo Holt.

Robert L. Byer, Esq., Pittsburgh, Christina E. Norland Audigier, Esq., Robert McCarthy Palumbos, Esq., John Elliott Sindoni, Esq., Andrew Ronald Sperl, Esq., Philadelphia, Duane Morris, L.L.P, Edward Fell Murphy, Esq., McBride & Murphy, Newtown, for Toll Brothers, Inc., Dolington Land, LLP, and Toll PA XIII LP.

Jeffrey P. Garton, Esq., Begley, Carlin & Mandio, L.L.P., Langhorne, James J. Auchinleck, Jr., Esq., Newtown, for Zoning Hearing Board of Newton Township.

John Bernard Rice, Esq., Grim, Biehn & Thatcher, P.C., Perkasie, Matthew James McHugh, Esq., for Board of Supervisors of Upper Makefield Township.

Darrell M. Zaslow, Esq., Walder, Zaslow & Moss, P.C., Philadelphia, for Stuckley, et al., Carol.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, ORIE MELVIN, JJ.

## OPINION

Justice EAKIN.

We granted allowance of appeal to determine whether the repeal of an ordinance moots any challenges to that ordinance, whether the Commonwealth Court may issue an opinion on the merits of certain issues where it subsequently remands the case for a determination of mootness on another issue, and whether parties to a hearing can continue a challenge to a zoning ordinance once the original challenger has withdrawn.

■ Because "parties to a hearing" are distinct from "party appellants," unless the former have taken steps to become party appellants, we find they cannot continue the challenge. Accordingly, we reverse the decision of the Commonwealth Court permitting parties to the hearing to continue the challenge brought by the original party appellant, and we dismiss the attempted challenge.

On October 25, 2006, Upper Makefield, Wrightstown, and Newtown Townships amended their jointly enacted Joint Municipal Zoning Ordinance No. 1983. Leo Holt, a property owner affected by this amendment, properly appealed to the Zoning Hearing Board of Newtown Township, alleging substantive and procedural defects in the enactment. As a result, Holt became a "party appellant" pursuant to 53 P.S. § 10913.3.[1]

At the first hearing on Holt's appeal, some neighboring property owners appeared and were designated "parties to the hearing" pursuant to 53 P.S. § 10908(3).[2] *See* Newtown Township Zoning Hearing Board Findings In re Application of Holt, 3/5/09, at 2. The neighbors called several witnesses to testify at that and subsequent hearings.

On June 6, 2007, before final action on the appeal was taken, Holt withdrew his challenge. Holt being the only party who had filed an appeal, the Board terminated the proceedings.

1. The Municipalities Planning Code (MPC) provides:
   Appeals under section 909.1(a)(1), (2), (3), (4), (7), (8) and (9) may be filed with the board in writing by the landowner affected, any officer or agency of the municipality, or any person aggrieved. Requests for a variance under section 910.2 and for special exception under section 912.1 may be filed with the board by any landowner or any tenant with the permission of such landowner.
   *Id.*

2. Section 10908(3) provides:
   The parties to the hearing shall be the municipality, any person affected by the application who has made timely appearance of record before the board, and any other person including civic or community organizations permitted to appear by the board. The board shall have power to require that all persons who wish to be considered parties enter appearances in writing on forms provided by the board for that purpose.
   *Id.*

Following Holt's withdrawal, the Townships repealed Ordinance No. 1983 in its entirety and enacted a new ordinance to cure any prior procedural defects. Ordinance No. 2007 was enacted June 18, 2007.

The ordinance Holt had challenged was reenacted verbatim in Ordinance No. 2007,[3] and the neighbors sought to continue Holt's challenge, filing a writ of mandamus with the trial court, asking it to compel the Board to either continue hearings or render findings on Holt's appeal. On December 11, 2008, the trial court declined to compel the Board to continue the hearings, but ordered it to make written findings on Holt's challenge.

On March 5, 2009, the Board issued findings. Determining the MPC distinguishes party appellants from parties to the hearing, and that the only "party appellant" had withdrawn, the Board found the neighbors did not have the right to continue the challenge. *Id.*, at 2–8. The Board noted none of the individuals attempting to continue the challenge had filed an application as required by the MPC—in order to pursue the action, a party must "[be] aggrieved . . . and . . . file the required written application with reasons[.]" *Id.*, at 3 (emphasis omitted).

The neighbors appealed to the trial court, and Toll Brothers, developing land in the impacted district, intervened. The court reversed the findings of the Board, finding no distinction between party appellants and parties to the hearing, and instructed the Board to permit the neighbors to continue Holt's challenge. Trial Court Opinion, 3/25/10, at 9. Toll Brothers appealed the trial court's order, but subsequently filed an application to dismiss the appeal and vacate the order as moot on the grounds the ordinance challenged by Holt had been repealed and Ordinance No. 2007 had never been specifically challenged. The Commonwealth Court accepted the

3. Holt had challenged §§ 401.1(A)-(D), (G)(1)(c)-(d) of amended Ordinance No. 1983. The sections had the same reference numbers in Ordinance No. 2007.

application but did not vacate the lower court's order. Rather, it opted to address the issue of mootness along with the merits.[4]

The Commonwealth Court affirmed the trial court's decision, finding the MPC does not specifically state the rights of parties to the hearing are contingent on the existence of the party appellant remaining in the action. The court also found the repeal and reenactment of the subsequent ordinance, which was substantially the same as the original ordinance, did not render the challenge moot. However, the court remanded to the Board to determine whether the matter was moot in light of a third ordinance, Ordinance No. 2010, enacted June 23, 2010, after Toll Brothers' appeal was filed, which Toll Brothers argued cured the substantive defects originally challenged by Holt. Here, Toll Brothers appeals the decision of the Commonwealth Court.

Toll Brothers argues there was no justiciable case or controversy before the trial court or the Commonwealth Court because Ordinance No. 1983, the subject of the original challenge, had already been repealed. Toll Brothers also argues, because the case was potentially moot pending the remand, the Commonwealth Court's opinion was an improper advisory opinion. In the alternative, Toll Brothers argues, even if we are to find this case was justiciable, it should prevail because the neighbors never filed their own application to challenge any ordinance.

■ The Statutory Construction Act provides:

Whenever a statute is repealed and its provisions are at the same time reenacted in the same or substantially the same terms by the repealing statute, the earlier statute shall be construed as continued in active operation. All rights and

4. Toll Brothers' initial request to vacate the trial court's decision as moot was denied. Toll Brothers filed a motion for reconsideration, which was granted. *See Stuckley v. Zoning Hearing Board of Newtown Township*, No. 758 C.D.2010, unpublished memorandum at 3–4, 2011 WL 10843927 (Pa.Cmwlth. filed March 17, 2011).

liabilities incurred under such earlier statute are preserved and may be enforced.

1 Pa.C.S. § 1962. This Court has applied the same principle:

It is true that pending proceedings not fully consummated would normally fall with the repeal of the laws under which they were begun; but this result is not brought to pass where, as here, those laws are substantially re-enacted by the repealing act itself. In such cases the proceedings may be continued and concluded under the new law, subject, of course, to such modifications as it provides.

*Kraus v. City of Philadelphia*, 265 Pa. 425, 109 A. 226, 230 (1919); *see also In re Earned Income Tax Ordinance of Wilkes–Barre*, 208 Pa.Super. 424, 222 A.2d 499, 502 (1966). Thus, the repeal of an ordinance does not necessarily moot any challenges to that ordinance where it has been reenacted in substantially the same form.

Holt challenged §§ 401.1(A)-(D) and 401.1(G)(1)(c)-(d) of Ordinance No. 1983. These sections were reenacted verbatim in Ordinance No. 2007 with the same section numbers. Furthermore, the Board stated in the preamble to Ordinance No. 2007 the purpose of the reenactment was "to cure any possible procedural or other errors that may have occurred in the enactment" of the original ordinance. Ordinance No. 2007, at 2. Thus, the reenactment did not alter the substance of the ordinance, and Holt's rights and privileges regarding his challenge to the initial ordinance continued despite the reenactment. Thus, had Holt wanted to continue his challenge after Ordinance No. 1983 was repealed and replaced with Ordinance No. 2007, he could have done so. The question becomes whether the neighbors, as parties to the hearing rather than party appellants, could also do so following Holt's withdrawal.

The MPC governs challenges to zoning ordinances and creates at least two categories of participants that may be involved when an ordinance is challenged. Section 10913.3 of the MPC, entitled "Parties appellant before the board," establishes that a "landowner affected, any officer or agency of the

municipality, or any person aggrieved" may become a party appellant by filing a written appeal with the board. 53 P.S. § 10913.3. Section 10916.1(c)(1) requires a party to file a written request that the board hold a hearing on a challenge, specifying the "reasons for the challenge[,]" and, in some cases, attach appropriate paperwork. *Id.*, § 10916.1(c)(1). A 30–day time limitation applies to the filing. *Id.*, § 10914.1.[5]

Section 10908(3) permits others to participate as "parties to the hearing":

The parties to the hearing shall be the municipality, any person affected by the application who has made timely appearance of record before the board, and any other person including civic or community organizations permitted to appear by the board. The board shall have power to require that all persons who wish to be considered parties enter appearances in writing on forms provided by the board for that purpose.

*Id.*, § 10908(3).

The neighbors and the Upper Makefield Township Board of Supervisors argue a landowner who participates as a "party to the hearing" has the right to continue an active challenge to a zoning ordinance even if the original appellant withdraws its

5. Section 10914.1 provides:

(a) No person shall be allowed to file any proceeding with the board later than 30 days after an application for development, preliminary or final, has been approved by an appropriate municipal officer, agency or body if such proceeding is designed to secure reversal or to limit the approval in any manner unless such person alleges and proves that he had no notice, knowledge, or reason to believe that such approval had been given. If such person has succeeded to his interest after such approval, he shall be bound by the knowledge of his predecessor in interest. The failure of anyone other than the landowner to appeal from an adverse decision on a tentative plan pursuant to section 709 or from an adverse decision by a zoning officer on a challenge to the validity of an ordinance or map pursuant to section 916.2 shall preclude an appeal from a final approval except in the case where the final submission substantially deviates from the approved tentative approval.

(b) All appeals from determinations adverse to the landowners shall be filed by the landowner within 30 days after notice of the determination is issued.

*Id.*

appeal. Upper Makefield Township concedes the MPC includes separate definitions for "party appellants" and "parties to the hearing," but asserts, once the entities are granted party status of either kind, the MPC treats all "parties" the same. Upper Makefield Township's Brief, at 17.

The Commonwealth Court has held an individual must do more than simply sign a petition in support of a challenge to establish the right to continue where that challenge is later withdrawn by the party appellant. *Frank v. Mobil Oil Corporation*, 6 Pa.Cmwlth. 462, 296 A.2d 300, 303 (1972). In *Frank*, the court found:

It well may be that numerous persons interested in this matter ... allowed their colors to be carried by the [original appellants], on the assumption that [the original appellants] would carry the battle to its conclusion. When the [original appellants] struck their colors, no one was left on the field, and the period for an appeal from the [zoning board decision] ... had long since passed.

*Id.*, at 304. The court went on to suggest it would be "sound procedure to require that protestants who are interested in the case and wish to be considered 'parties' file with the zoning board at the hearing a short form which 'enters' their appearance in the case[,]" but "[a]ppearance as a witness does not necessarily make the person a party to the proceeding." *Id.*, at 303–04 (citation omitted). We agree.

The neighbors argue *Frank* is not on point because, in the instant case, the neighbors did enter their appearances and were recognized as "parties to the hearing." They argue it was *Frank* that led to the requirement parties enter their appearance in order to participate in a hearing. The reasons a board may, in its option, require a written appearance are many, including identifying witnesses, their interest, and residence, as well as for notice purposes; it does not bespeak full party status. We must disagree that participating in a challenge as "parties to the hearing" confers the right to continue that challenge when the original challenger withdraws.

There are clear distinctions between "parties to the appeal" and "parties to the hearing." The former must be aggrieved by the ordinance; the latter need only be "affected by the application" (namely, the aggrieved party's challenge). The latter therefore cannot exist without the former. The former must file a written appeal, state specific reasons for the challenge, and may be required to provide documentation; the latter need file no reasons for their interest or document how they are "affected"; at most, they may have to fill out an appearance form if the board chooses to require one.

Indeed, a party to the hearing need not support the parties to the appeal at all. They can speak in favor of the challenge or against the challenge. By definition their interest is in the process, not the specifics of the challenge itself. There is nothing in the statute that requires parties to the hearing to identify their sentiments—in fact, they need not take sides at all. The parties to the hearing cannot be denied the ability to provide input, but providing input is not the same as a challenge any more than being a witness makes one a litigant. The status of party to the hearing merely means they can be heard—it does not mean they can settle or preclude settlement of an appeal taken by someone else. It gives them a voice, not a vote.

To hold otherwise would preclude any meaningful ability to settle such cases. If Holt and the Townships reached a settlement resolving his challenge, it could not be implemented if the neighbors had the ability to prolong the litigation—what reason would the township have to accommodate Holt if it resolves nothing? If a resolution in principle is possible between all the formal parties, the ability of non-parties to keep up the fight is a concept foreign to our jurisprudence.

To the extent that some cases have failed to distinguish between "parties to the appeal" and "parties to the hearing," inferring that status as the latter confers the right to appeal, such inferences are disapproved. See, e.g., *Weston v. Zoning Hearing Board of Bethlehem Township,* 994 A.2d 1185 (Pa. Cmwlth.2010).

The neighbors could have filed their own challenge pursuant to § 10916.1(b), just as Holt did; they did not. They identified no issues and lack the right to continue the challenge when Holt withdrew. The trial court erred when it ordered the Board to issue findings on the challenge after it had been withdrawn. Thus, the Commonwealth Court's order must be reversed. Because mere parties to a hearing have no right to continue a challenge where the party appellant has withdrawn its challenge, it is not necessary to examine the relevance of the third ordinance, passed after Holt withdrew his initial challenge.

■ Toll Brothers also asks this Court to find the Commonwealth Court issued an impermissible advisory opinion, arguing the court erred in discussing the merits of one issue before remanding a question of mootness based on another issue.

■ An advisory opinion is one issued despite the lack of a justiciable case or controversy between the parties to an appeal. *See Pennsylvania Public Utility Commission v. County of Allegheny*, 415 Pa. 313, 203 A.2d 544, 546 (1964). Where the issues in a case are moot, any opinion issued would be merely advisory and, therefore, inappropriate. *Department of Environmental Resources v. Jubelirer*, 531 Pa. 472, 614 A.2d 204, 212–13 (1992) (citations omitted).

In the present case, the Commonwealth Court first determined the neighbors could continue the challenge. The court then found the challenge was not moot based on the reenactment of a second, substantially similar statute, as discussed above. The court then discussed Toll Brothers' alternative argument for mootness—that the substantive defects alleged by Holt were cured with the enactment of the third ordinance. It was necessary for the court to first determine whether parties to the hearing could bring a challenge in the first place, before determining whether that challenge was moot on other grounds. While, for reasons discussed above, we disagree with the Commonwealth Court's determination the neighbors could continue the challenge without Holt, that issue was a proper case or controversy before the court at the

time and, thus, its opinion was not an improper advisory opinion.[6]

The Commonwealth Court's order is reversed. Jurisdiction relinquished.

Justice McCAFFERY and former Justice ORIE MELVIN did not participate in the consideration or decision of this case.

Chief Justice CASTILLE and Justice TODD join the opinion.

Justice SAYLOR files a concurring opinion.

Justice BAER files a concurring opinion in which Justice SAYLOR joins.

Justice SAYLOR, concurring.

I join Mr. Justice Baer's concurring opinion.

I write only to observe that, although I agree with the majority's determination of the limited status accorded to those who are only "parties to the hearing," 53 P.S. § 10908(3), I find the statutory term itself to be troublesome. In this regard, it seems to me that it has the potential to mislead participants in a hearing into believing that they have attained "party" status, when, in fact, without further action on their part, their role is a materially circumscribed one. For this reason, I believe that clarifying amendments to the statute may be in order and, in the meantime, zoning hearing boards should make the limitations associated with the status of "parties to the hearing" plain to those who attain this status so they may further protect their interests as they may see fit.

Justice BAER, concurring.

I concur in the result. I join the reasoning of the Majority in concluding that Appellees (Neighbors), as mere "parties to the hearing" under 53 P.S. § 10908(3), did not have a right to continue to challenge the Joint Municipal Zoning Ordinance

6. We need not reach the question of the impact of Ordinance No. 2010 on the neighbors' challenge, the subject of the Commonwealth Court's remand, because we dismiss the challenge on other grounds.

No. 1983, as amended in 2006, after Leo Holt, the party appellant under 53 P.S. § 10913.3, withdrew his challenge.[1] However, while I agree with the Majority's reasoning on the merits, I would not reach the merits and, instead, would dismiss this case as moot following the repeal and reenactment of Ordinance No. 1983 for reasons not discussed in the Majority Opinion. Accordingly, I find myself in a concurring posture.

Recognizing our longstanding prohibition against deciding moot issues, which would result in impermissible advisory opinions, the parties have presented extensive and nuanced arguments regarding mootness.[2] See *Com., Dept. of Envtl. Res. v. Jubelirer,* 531 Pa. 472, 614 A.2d 204, 212–13 (1992). As we have noted, "Mootness poses a question of justiciability and is related to the concepts of standing and ripeness; all three are concerned with the proper timing of litigation." *Town of McCandless v. McCandless Police Officers Ass'n,* 587 Pa. 525, 901 A.2d 991, 1002 (2006).

Toll Brothers argues that the case is moot for three reasons. First, it asserts that the case became moot when Ordinance No. 1983 was repealed prior to the submission of any land development plans, such that no rights or liabilities vested in the parties prior to the repeal, pursuant to 1 Pa.C.S. § 1962, discussed *infra.* Second, Toll Brothers observes that no challenge was brought against the reenacted ordinance, Ordinance No. 2007, under which Toll Brothers did submit plans and was granted land development approvals. Finally, Toll Brothers contends that the third ordinance, Ordinance No. 2010, mooted the challenge because that ordinance repealed the portions of Ordinance No. 2007 (as reenacted from

1. As set forth in the Majority Opinion, the Appellees in this case are neighboring property owners who were granted the status of "parties to the hearing" during the proceedings related to Holt's challenge to the relevant ordinance, but who did not file their own challenge or join Holt's challenge. Additionally, the Upper Makefield Township Board of Supervisors files a brief as an appellee. I will refer to both these parties collectively as Neighbors.

2. The parties do not suggest that the case at bar implicates any of the exceptions to the mootness doctrine.

Ordinance No. 1983), which were challenged originally by Holt. As I conclude that the case is moot for the first two reasons, I need not address the parties' arguments relating to Ordinance No. 2010.

As noted by the Majority, the question of mootness in this case involves the repeal and reenactment of an ordinance, which requires consideration of 1 Pa.C.S. § 1962, entitled "Repeal and reenactment:"

> Whenever a statute is repealed and its provisions are at the same time reenacted in the same or substantially the same terms by the repealing statute, the earlier statute shall be construed as continued in active operation. All rights and liabilities incurred under such earlier statute are preserved and may be enforced

The parties properly focus their argument on whether any rights or liabilities vested in either Toll Brothers or the challengers prior to the repeal of Ordinance No. 1983. The dispute centers on whether certain land development documents submitted by Toll Brothers prior to the repeal of Ordinance No. 1983 were sufficient to trigger rights and liabilities under the Municipal Planning Code (MPC). The MPC requires that anyone challenging the validity of an ordinance on substantive grounds must be "aggrieved by a use or development permitted on the land of another by an ordinance." 53 P.S. § 10916.1(b).[3]

The parties disagree as to when a challenger is "aggrieved by a use or development permitted on the land of another by an ordinance." *Id.* While acknowledging that challenges generally cannot be filed until a plan is approved, Neighbors contend that a challenge may be filed early where, as here, the equities dictate the filing of an early challenge to a major development project and especially where the developer, Toll Brothers, actively participated in the ordinance enactment process. In support, they rely upon the Commonwealth Court's holding that "the necessary precondition to a substantive challenge to a land use ordinance is the existence of a

3. Although not applicable to this case, the MPC also provides that a landowner may challenge an ordinance that restricts or prohibits the use or development of his land, pursuant to 53 P.S. 10916.1(a).

specific use to which the property is sought to be developed."
*Sharp v. Zoning Hearing Bd. of Twp. of Radnor*, 157 Pa.
Cmwlth. 50, 628 A.2d 1223, 1227 (1993). They assert that the
sketch plans submitted by Toll Brothers in November 2006,
following the October 2006 enactment of the relevant Ordi-
nance No. 1983, satisfy the requirement in *Sharp* because Toll
Brothers thus expressed how it sought to develop the property
in the sketch plans.[4]

Neighbors further emphasize that the Commonwealth Court
relied upon its decision in *Belber v. Lower Merion Township*,
163 Pa.Cmwlth. 127, 639 A.2d 1325, 1326–27 (1994), for the
proposition that "where the submission of a sketch plan is
required by a local ordinance, approval of all plans is governed
by the zoning ordinance in existence when the sketch plan was
filed." Com. Ct. Slip Op. at 7 n. 8 (citing 53 P.S. § 10508(4)).[5]
Thus, Neighbors argue that the challenge to Ordinance No.
1983 did not become moot following its repeal because rights
and liabilities vested upon Toll Brothers' submission of the
sketch plans prior to the repeal of Ordinance No. 1983.[6]

4. For "Major Subdivisions and Land Developments," the Subdivision
and Land Use Development Ordinances (SALDO) of Upper Makefield
Township and Newtown Township distinguish between sketch plans,
which are informal and optional, preliminary plans, which are re-
quired, and final plans.

5. Section 508(4)(i) of the MPC provides:
Changes in the ordinance shall affect plats as follows:
(i) From the time an application for approval of a plat, whether
preliminary or final, is duly filed as provided in the subdivision and
land development ordinance, and while such application is pending
approval or disapproval, no change or amendment of the zoning,
subdivision or other governing ordinance or plan shall affect the
decision on such application adversely to the applicant and the
applicant shall be entitled to a decision in accordance with the
provisions of the governing ordinances or plans as they stood at the
time the application was duly filed. In addition, when a preliminary
application has been duly approved, the applicant shall be entitled to
final approval in accordance with the terms of the approved prelimi-
nary application as hereinafter provided. However, if an application
is properly and finally denied, any subsequent application shall be
subject to the intervening change in governing regulations.
53 P.S. § 10508.

6. While the Commonwealth Court stated that Toll Brothers filed
"sketch plans" in 2006, Neighbors now also assert that these docu-

In contrast, Toll Brothers observes that that Commonwealth Court in a prior case stated, as in *Sharp*, that a challenge may be raised based upon "the existence of a specific use to which the property is sought to be developed," but further held that, "an objector may not bring a substantive validity challenge against an ordinance amendment where the landowner has not applied for a specific use and the zoning officer has not issued a use or occupancy permit for the property." *Pheasant Run Civic Org. v. Bd. of Comm'rs of Penn Twp.*, 60 Pa.Cmwlth. 216, 430 A.2d 1231, 1233 (1981). Toll Brothers avers that these criteria are not met because it did not file its "Preliminary/Final" plans until August 2007 and the plans were not approved until October 2007, months after Ordinance No. 1983 was repealed in June 2007. Accordingly, it asserts that Holt's challenge was non justiciable when he asserted it against Ordinance No. 1983 in November 2006. Instead, Toll Brothers avers that Holt, or Neighbors, should have raised their challenge under Ordinance No. 2007, following the submission of the preliminary plans (rather than the sketch plans).

Toll Brothers additionally maintains that that Neighbors fail to indicate where in the record Toll Brothers filed sketch plans under Ordinance No. 1983. Assuming *arguendo* that the record would support such finding, Toll Brothers contends

ments constitute a request under 53 P.S. 10916.2, which provides a procedure for landowners to obtain a preliminary opinion followed by an expedited challenge process. Neighbors further contend that Toll Brothers, in December 2006, received a preliminary opinion that the plan complied with the relevant ordinance.

Toll Brothers, however, asserts that there is no evidence in the record of a preliminary plan and even if there were, Holt filed his challenge before the date Neighbors cite for the alleged preliminary approval. Accordingly, Holt's right to appeal could not have arisen as a result of the alleged subsequent approval. *See* 53 P.S. § 10916.2(2) ("The favorable preliminary approval under section 914.1 and the time therein specified for commencing a proceeding with the board shall run from the time when the second notice thereof has been published.")

Neither the Commonwealth Court in its discussion of mootness nor the Majority reference these sections or the documents referenced by Neighbors. However, it appears that Toll Brothers is correct that any challenge would have to have been filed after the alleged December 2006 preliminary approval, rather than in November 2006, when Holt filed his challenge.

that this case is not controlled by the caselaw providing that the ordinance in force at the time of the submission of sketch plans governs "where the submission of a sketch plan is required by a local ordinance." Com. Ct. Slip Op. at 7 n. 7. Toll Brothers emphasizes that, unlike the ordinances in *Belber*, the Upper Makefield and Newtown Township Subdivision and Land Use Development Ordinances (SALDO) specifically did not require sketch plans. Upper Makefield SALDO § 701(1)(B) ("Submission of the sketch plan shall not be required and shall be considered to be an informal and unofficial stage."); Newtown SALDO § 302(1) ("The Sketch Plan is an optional submission"). Accordingly, Toll Brothers contends that Ordinance No. 1983 does not control this case, and no rights or liabilities relating to that ordinance vested prior to its repeal.

Instead, Toll Brothers argues that Holt and Neighbors should have challenged Ordinance No. 2007, under which Toll Brothers submitted plans which were granted approval in 2007. Given the alleged inapplicability of Ordinance No. 1983 to the proposed use of the property, Toll Brothers maintains that no rights or liabilities, for purposes of this case, vested prior to the repeal of Ordinance No. 1983. Accordingly, Toll Brothers claims that Holt and the Neighbors' challenge under Ordinance No. 1983 is moot.[7]

Despite Neighbors' protestations, the Commonwealth Court's decision in *Sharp* does not provide an equitable exception to the timing of validity challenges under Section 916.1 of the MPC for cases where the landowner is involved in the enactment of the zoning ordinance.[8] Instead, the holding

7. Even assuming *arguendo* that Holt had vested rights in his challenge protected by 1 Pa.C.S. § 1962, Toll Brothers contends that those rights could not transfer to Neighbors, as mere parties to the hearing, after Holt withdrew his challenge. Brief for Toll Brothers at 15. Instead, Toll Brothers asserts that Neighbors should have filed their own substantive challenge under Ordinance No. 2007, under which land use approvals were granted to Toll Brothers triggering vested rights.

8. Neighbors fail to cite language providing for such an exception. Instead, the Commonwealth Court's analysis in *Sharp* is as follows:

[T]he necessary precondition to a substantive challenge to a land use ordinance is the existence of a specific use to which the property is

appears to hinge on the filing of a preliminary land development plan and its subsequent approval. *Sharp* did not involve a sketch plan. Even assuming that a sketch plan would trigger Section 916.1 and that Toll Brothers actually filed a sketch plan, the Neighbors and the Commonwealth Court appear to have erred in applying the ordinance in effect at the time of sketch plans were allegedly filed. Even under the caselaw cited by the Commonwealth Court, the timing of the sketch plan filing is only relevant if the SALDOs required sketch plans. *Belber*, 639 A.2d at 1326–27. The Newtown and Makefield Township SALDOs, however, do not require the filing of sketch plans.

Thus, it appears that the proper validity challenge should have been to Ordinance No. 2007 under which Toll Brothers filed preliminary development plans and under which land use approvals were granted. While Section 1962 protects rights and liabilities incurred under an ordinance that is repealed and reenacted, the protection is moot if no rights and liabilities existed under the relevant ordinance. Nonetheless, while I would hold that the case is moot because no rights or liabilities vested prior to the repeal of Ordinance No. 1983, I agree with my colleagues that the Commonwealth Court's order should be reversed.

Justice SAYLOR joins this opinion.

sought to be developed. The record here undeniably demonstrates sufficient facts to satisfy the precondition to a substantive challenge to the ordinance. The University took advantage of the rezoning by presenting an application for approval of its preliminary land development plan which was prepared following more than two years of negotiations with neighboring property owners and approved on the same day as adoption of the ordinance.
*Sharp*, 628 A.2d at 1227.