**[J-69-2015] [MO: Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 702 CAP |
| | : | |
| Appellee | : | Appeal from the Judgment of Sentence |
| | : | entered on August 31, 2014 in the Court |
| | : | of Common Pleas, Westmoreland |
| v. | : | County, Criminal Division at No. CP-65- |
| | : | CR-0000851-2010.  Post Sentence |
| | : | Motions Denied July 16, 2014. |
| MELVIN KNIGHT, | : | |
| | : | |
| Appellant | : | SUBMITTED:  October 7, 2015 |

## CONCURRING OPINION

**JUSTICE BAER**                         **DECIDED:  November 22, 2016**

I join the majority opinion with the exception of Section V, and also write to elaborate on a point supporting the grant of relief.  I agree that Appellant is entitled to a new penalty hearing as the Commonwealth conceded on the record that he had no previous criminal history, yet the jury declined to find the mitigating circumstance of no significant history of prior criminal convictions.  42 Pa.C.S. § 9711(e)(1).  This disposition emanates from our decision in Commonwealth v. Rizzuto, 777 A.2d 1069 (Pa. 2001), which held that "where a mitigating circumstance is presented to the jury by stipulation, the jury is required by law to find that mitigating factor."  Id. at 1089.  The Commonwealth's explicit concession during closing argument that Appellant has no prior criminal history is tantamount to a stipulation, thus, the mitigating factor has been established as a matter of law, and the jury was required to find that circumstance and consider it in the weighing of aggravating and mitigating circumstances.

As the Court did in Rizzuto, the majority frames its holding in terms of whether the absence of the criminal record was "undisputed." See Slip Op. at 14 (stating that "[w]hen the absence of a [criminal] record is undisputed, the jury has no discretion but to find the objective circumstance, and specifically include it in any weighing of aggravators and mitigators."); Rizzuto, 777 A.2d at 1089 (same). While I agree with this general assessment, I write separately to elaborate on what constitutes an "undisputed fact" in an effort to more thoroughly distinguish the established case law relied upon by the Commonwealth herein, which holds that a capital jury is not required to find a mitigating circumstance, even if the Commonwealth fails to present evidence rebutting the existence of that circumstance. See e.g. Commonwealth v. Diamond, 83 A.3d 119, 134-35 (Pa. 2013) (rejecting the contention that the fact-finder was required to find the Section 9711(e)(3) mitigating circumstance when the Commonwealth presented no evidence to refute the mitigating factor because a jury is free to believe all, part, or none of the evidence presented).[1]

Here, the sole evidence supporting the Section 9711(e)(1) mitigating circumstance was the testimony of Detective Verail that he examined Appellant's criminal history and concluded that Appellant had not been convicted previously of felonies or misdemeanors. Absent the prosecutor's explicit concession that Detective Verail's review of Appellant's criminal history was correct, I am unconvinced that the jury was required as a matter of law to find the Section 9711(e)(1) mitigating circumstance because the jury was free to disbelieve the testimony presented, as a fact-finder has exclusive authority to make credibility determinations. Diamond, 83 A.3d at 134. Stated

---

[1] The mitigating circumstance set forth at 42 Pa.C.S. § 9711(e)(3) provides that the defendant's capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired.

differently, it was not the unrefuted testimony of Detective Verail that made the fact of Appellant's lack of criminal history undisputed, but rather the Commonwealth's concession in its closing argument that such fact was true.  Accordingly, I agree with the majority that the prosecutor's concession is jurisprudentially indistinguishable from the stipulation in Rizzuto, and, thus, established the mitigating circumstance as a matter of law.

Additionally, I disassociate myself from Section V. of the majority opinion, entitled "Other Issues," which offers guidance to the trial court on penalty phase claims that have become moot due to the grant of a new penalty hearing.  It is well-established that "[w]here the issues in a case are moot, any opinion issued would be merely advisory and, therefore, inappropriate."  Stuckley v. Zoning Hearing Bd., 79 A.3d 510, 519 (Pa. 2013) (citations omitted); see also Commonwealth v. Moore, 860 A.2d 88, 100 (Pa. 2004) (holding that where a defendant is granted a new penalty hearing, all remaining penalty phase issues are rendered moot).  Here, the majority expounds upon claims involving the admissibility of evidence during the penalty phase, while acknowledging that the trial court is not bound by the Court's suggestions in this regard.  Slip Op. at n.12 (stating that "[o]ur discussion of these issues should not be read as expressing any view on them, or on sub-issues we do not discuss").  While the majority finds that such issues "provided cause for concern," Slip Op. at 20, there is simply no justiciable case or controversy warranting further comment on remaining penalty phase issues when Appellant has been granted a new penalty hearing.