J. S47032/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JUDITH KOERNER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| GEICO CASUALTY COMPANY, | : | No. 30 EDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered November 14, 2016,
in the Court of Common Pleas of Pike County
Civil Division at No. 810-2016

BEFORE: LAZARUS, J., MOULTON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED OCTOBER 19, 2017**

Geico Casualty Company ("Geico") appeals from the order of November 14, 2016, overruling its preliminary objections.[1] We dismiss the appeal as moot and remand to the trial court with directions to dismiss the complaint filed by plaintiff/appellee, Judith Koerner ("Koerner"), with prejudice.

The trial court has summarized the history of this case as follows:

> On May 19, 2016, [Koerner] initiated a lawsuit ("First Lawsuit") by filing a Complaint against GEICO [], her car insurance company. **See** Docket No. 746-2016 Civil. The Complaint alleged that [Koerner] was injured when objects from an unknown and uninsured motorist forced [Koerner]'s car into a guardrail causing injuries to [Koerner]. The

---

[1] Order overruling preliminary objections which assert **lis pendens** is appealable as a collateral order. **Richner v. McCance**, 13 A.3d 950 (Pa.Super. 2011).

Complaint further alleges that [Koerner] is entitled to compensation under her insurance policy pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law (PMVFRL), 75 Pa.C.S. § 1701, which requires insurance companies to provide policy holders with the option to purchase uninsured motorists [sic] coverage.

[Koerner] initiated the instant case ("Second Lawsuit") [] on June 2, 2016 by filing a Writ of Summons. She then filed a Complaint in the matter on July 27, 2016. The Complaint alleged that [Geico] failed to [comply] with several of [Koerner]'s discovery demands, including a failure to produce a representative for deposition, a failure to produce relevant documentation, and a failure to produce a recording of a phone call between [Koerner]'s counsel and a representative of [Geico]. The Complaint asked for Declaratory Judgment against [Geico] for its failure to comply with Pennsylvania law.

On August 12, 2016, [Geico] filed a Preliminary Objection in the form of a Motion to Strike based upon *lis pendens*. [Koerner] filed an Answer to the Preliminary Objection on September 30, 2016. Following a hearing on October 17, 2016, this Court issued an Order on November 14, 2016, denying and dismissing [Geico]'s Preliminary Objection.

On December 14, 2016, [Geico] filed a Notice of Appeal as to this Court's Order of November 14, 2016. On December 16, 2016, this Court ordered that [Geico] file a Concise Statement of Matters Complained of on Appeal [pursuant to Pa.R.A.P. 1925(b)] within twenty-one (21) days from the date of the Order. [Geico] filed a Concise Statement of Matters Complained of on Appeal on January 6, 2017.

Trial court opinion, 2/10/17 at 1-2.

Subsequently, the First Lawsuit was removed to federal court. On June 20, 2017, Geico filed an application for leave to file a post-briefing communication, consisting of the Honorable Richard P. Conaboy's June 14, 2017 memorandum and order ruling on Geico's motion to dismiss in that case. Judge Conaboy dismissed Counts I and II of the Second Amended Complaint for breach of contract and common law bad faith on the basis that Geico had tendered the limits of Koerner's uninsured motorist ("UM") coverage ($15,000). This was the full amount that Koerner could recover on a first-party UM claim. Although Koerner argued that a potential excess verdict would be recoverable as consequential damages, Judge Conaboy determined that the rationale for an insurer's excess verdict liability does not apply in a first-party UM case. *Koerner v. Geico*, 3:17-cv-455 (MD.Pa. June 14, 2017), unpublished memorandum at 22. Judge Conaboy allowed Koerner to proceed on Count III, statutory bad faith under 42 Pa.C.S.A. § 8371, with the exception of compensatory and consequential damages which are not permitted under the bad-faith statute. *Id.* at 23.

All of Koerner's allegations in the Second Lawsuit relate to purported discovery violations, *i.e.*, that Geico failed to make its employee, Paul Brunskole, available for deposition; that Geico failed to turn over recordings of a May 17, 2016 phone call between Mr. Brunskole and Koerner's attorney; and that Geico failed to comply with Koerner's document demands. (*See* 6/27/16 Complaint, RR Vol. 2 at 61-65.) All of these

purported discovery violations stem from the First Lawsuit, and it is undisputed that Geico has since complied with Koerner's discovery requests.

In Count II of the Complaint in the Second Lawsuit, which Koerner titles "Declaratory Judgment," Koerner seeks a declaration that, *inter alia*: Geico acted in violation of Pennsylvania law; Geico must comply with all applicable laws in Pennsylvania; Geico is prohibited and enjoined from uttering false statements; Geico is prohibited and enjoined from fabricating evidence; Geico is required to comply with the Pennsylvania Unfair Insurance Practices Act; and Geico is required to comply with the Pennsylvania Unfair Trade Practices and Consumer Protection Law. (*Id.* at 65-67.) Koerner alleged no facts in support of her request for declaratory relief other than those relating to her discovery requests pertaining to the First Lawsuit.

As a preliminary matter, we must address whether this appeal is moot as Geico has averred. Our courts cannot "decide moot or abstract questions, nor can we enter a judgment or decree to which effect cannot be given." *Sayler v. Skutches*, 40 A.3d 135, 143 (Pa.Super. 2012), *appeal denied*, 54 A.3d 349 (Pa. 2012) (citation omitted).

As our court has previously stated:

> "The mootness doctrine requires that an actual case or controversy must be extant at all stages of review . . . ." *Pap's A.M. v. City of Erie*, 571 Pa. 375, 812 A.2d 591, 600 (2002) (quoting *In Re Cain*, 527 Pa. 260, 590 A.2d 291, 292 (1991)). "Where the issues in a case are moot, any opinion issued would be

> merely advisory and, therefore, inappropriate." ***Stuckley v. Zoning Hearing Bd. of Newtown Twp.***, 621 Pa. 509, 79 A.3d 510, 516 (2013). "An issue before a court is moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." ***Printed Image of York, Inc. v. Mifflin Press, Ltd.***, 133 A.3d 55, 59 (Pa.Super. 2016) (citation and internal quotation marks omitted).

***In re 2014 Allegheny County Investigating Grand Jury***, 147 A.3d 922, 923-924 (Pa.Super. 2016), ***appeal granted in part***, 2017 WL 2129839 (Pa. May 16, 2017).

> Only where there is a real controversy may a party obtain a declaratory judgment. A declaratory judgment must not be employed to determine rights in anticipation of events which may never occur or for consideration of moot cases or as a medium for the rendition of an advisory opinion which may prove to be purely academic.

***Gulnac by Gulnac v. South Butler County Sch. Dist.***, 587 A.2d 699, 701 (Pa. 1991) (citations omitted).

Here, we agree with Geico that the matter is moot. Geico tendered the UM policy limits of $15,000 and complied with Koerner's discovery requests. Judge Conaboy in federal court dismissed Counts I and II of Koerner's Second Amended Complaint in the First Lawsuit and allowed her to proceed only on Count III, statutory bad faith. While Koerner sought a declaratory judgment that Geico was in violation of Pennsylvania law, all of the factual allegations related to Geico's purported failure to comply with

Koerner's discovery requests in the underlying UM litigation.[2]  There is no actual case or controversy.  Accordingly, Koerner's Complaint in the Second Lawsuit is properly dismissed.

Geico's application for leave to file post-briefing communication is granted.  Appeal dismissed.  Case remanded with instructions to dismiss the Complaint with prejudice.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/19/2017

---

[2] Geico points out that it is not aware of any case law allowing an insured to seek declaratory judgment relief in the context of a discovery dispute. (Geico's brief at 18; Geico's reply brief at 13.)  This court is not aware of any either, and we observe that Koerner could have simply filed a motion to compel or a motion for sanctions in the underlying UM litigation in the First Lawsuit.