J-E01005-19

2019 PA Super 281

| IN RE: ADOPTION OF K.M.G. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| APPEAL OF: T.L.G., MOTHER | : | |
| | : | No. 580 WDA 2018 |

Appeal from the Decree March 5, 2018
In the Court of Common Pleas of McKean County Orphans' Court at
No(s):  42-17-0239

| IN RE: ADOPTION OF: A.M.G. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| APPEAL OF: T.L.G., MOTHER | : | |
| | : | No. 581 WDA 2018 |

Appeal from the Decree March 5, 2018
In the Court of Common Pleas of McKean County Orphans' Court at
No(s):  No. 42-17-0240

| IN RE: ADOPTION OF S.A.G. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| APPEAL OF: T.L.G., MOTHER | : | |
| | : | No. 582 WDA 2018 |

Appeal from the Decree March 5, 2018
In the Court of Common Pleas of McKean County Orphans' Court at
No(s):  No. 42-17-0241

| IN RE: ADOPTION OF J.C.C. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |

APPEAL OF: T.L.G., MOTHER      :
      :
      :
      :
      :
      :
      :     No. 583 WDA 2018

Appeal from the Decree March 5, 2018
In the Court of Common Pleas of McKean County Orphans' Court at
No(s):  42-17-0242

BEFORE:  PANELLA, P.J., BENDER, P.J.E., LAZARUS, J., OLSON, J., DUBOW, J., KUNSELMAN, J., NICHOLS, J., MURRAY, J., and McLAUGHLIN, J.

CONCURRING/DISSENTING OPINION BY OLSON, J.:

**FILED SEPTEMBER 13, 2019**

I concur in the Learned Majority's conclusion that this Court lacks authority to consider, *sua sponte*, whether a conflict exists between a child's legal interest and the child's best interest in the context of a contested termination of parental rights proceeding.  **See** Majority Opinion at 10.  I write separately, however, to express my view that, in light of this conclusion, the remainder of the Majority's determinations as to the second, third, and fourth issues certified for review are advisory in nature.  Hence, I would not express any opinion on these matters within the context of this appeal.

It is well-settled that courts should refrain from addressing legal issues in the abstract and which are not pertinent to the resolution of the particular dispute before them.  **See Pittsburgh Palisades Park, LLC v. Commonwealth**, 888 A.2d 655, 659 (Pa. 2005) ("The courts in our Commonwealth do not render decisions in the abstract or offer purely advisory

opinions[.]"). Once the Majority determined that this Court lacks authority to raise the conflicts issue on its own, the related standard of review and best practice issues lost any meaningful relevance in the dispute before us and made judicial consideration of these matters imprudent. *See Stuckley v. Zoning Hearing Bd. Of Newtown Tp.*, 79 A.3d 510, 516 (Pa. 2013) ("Where the issues in a case are moot, any opinion issued would be merely advisory and, therefore, inappropriate."); *see also City of Philadelphia v. Commonwealth*, 838 A.2d 566, 577 (Pa. 2003) ("judicial intervention is appropriate only where the underlying controversy is real and concrete, rather than abstract").

In its opinion, the Majority initially concludes that this Court does not enjoy "the authority to review *sua sponte* whether a conflict existed between counsel's representation and the child's stated preference in an involuntary termination of parental rights proceeding." Majority Opinion at 10. Having made this determination, the Majority then goes on to state its views as to the standard of review that applies when reviewing an orphans' court decision holding that a guardian *ad litem* does not have a conflict, the standard of review that applies when a party fails to raise a conflict issue before the orphans' court and, instead, raises it for the first time on appeal, and the best practices for an orphans' court to follow in determining whether a guardian has a conflict. *See* Majority Opinion at 10-12. In light of the Majority's initial conclusion, it follows, *a fortiori*, that the remaining issues are unnecessary to our resolution of this appeal and best avoided.

Admittedly, the views expressed by the Majority with respect to the second, third, and fourth issues accepted for review do not differ materially from the legal framework within which we consider the vast majority of similar issues raised in other appeals. Nevertheless, I believe that caution and prudence dictate that we refrain from legal pronouncements that are not necessitated by the facts or procedural posture of the matter before us. For this reason, I am unable to join my wise colleagues in their disposition of the second, third, and fourth claims certified for our review.

Judge Nichols joins this concurring/ dissenting opinion.