J-A16040-16

2016 PA Super 188

IN RE: 2014 ALLEGHENY COUNTY   :    IN THE SUPERIOR COURT OF
INVESTIGATING GRAND JURY      :        PENNSYLVANIA
                                                  :
                                                  :
APPEAL OF: WPXI, INC.             :       No. 950 WDA 2015

Appeal from the Order May 22, 2015
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-MD-0003179-2015

BEFORE:    SHOGAN, OLSON, and STRASSBURGER,* JJ.

OPINION BY STRASSBURGER, J.:    **FILED AUGUST 25, 2016**

WPXI, Inc. (WPXI) appeals from the May 22, 2015 order that denied its motion to intervene and obtain access to public judicial records. Because WPXI has obtained the requested documents, we dismiss this appeal as moot.

The following underlying facts are not in dispute. In early 2015, allegations of improper sexual relations between faculty and students at Allegheny County's Plum High School became public. In covering the ongoing news story surrounding the contentions and resulting grand jury investigation into them, WPXI, a Pittsburgh-based television station, presented to the trial judge serving as the supervising judge of the grand jury a motion to intervene and to access public judicial records. Therein, WPXI averred, upon information and belief, that the trial court had on May 18, 2015, issued (1) a warrant authorizing a search at the Plum High School Administration Building, and (2) an order sealing the affidavit of probable

---

*Retired Senior Judge assigned to the Superior Court.

cause that supported the search warrant.[1] Motion to Intervene, 5/21/2015, at 1-2. After hearing argument on the motion on May 22, 2015, the trial court denied WPXI's motion.

On June 17, 2015, WPXI timely filed a notice of appeal. WPXI asks this Court to determine that the trial court should have granted its motion and given it access to the search warrant and the sealing order. WPXI's Brief at 4. Before we address the questions raised by WPXI, we must consider whether any controversy remains for us to decide, or whether the appeal is moot.

"The mootness doctrine requires that an actual case or controversy must be extant at all stages of review…." *Pap's A.M. v. City of Erie*, 812 A.2d 591, 600 (Pa. 2002) (quoting *In Re Cain*, 590 A.2d 291, 292 (Pa. 1991)). "Where the issues in a case are moot, any opinion issued would be merely advisory and, therefore, inappropriate." *Stuckley v. Zoning Hearing Bd. of Newtown Twp.*, 79 A.3d 510, 516 (Pa. 2013). "An issue before a court is moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." *Printed Image of York, Inc. v. Mifflin Press, Ltd.*, 133 A.3d 55, 59 (Pa. Super. 2016) (citation and internal quotation marks omitted).

---

[1] WPXI was "not seeking access to the supporting affidavit or any attachment identifying suspected juvenile victims." N.T., 5/22/2016, at 3.

The relief WPXI seeks in the instant appeal is to be granted access to the search warrant and the trial court order sealing the affidavit of probable cause. Appellant's Brief at 20. Yet, WPXI acknowledges that it has access to both documents. *See id.* at 19 (noting that the executed warrant was posted on the Internet, and citing a web page that provides both the order and the warrant). Thus, a determination in WPXI's favor would have no practical effect, and the question is moot.

However, "if the issues raised by an appeal are 'substantial questions' or 'questions of public importance,' and are capable of repetition, yet likely to evade appellate review, then we will reach the merits of the appeal despite its technical mootness." *In re Estate of Border*, 68 A.3d 946, 954 (Pa. Super. 2013) (citation and some internal quotation marks omitted).

Although the issues raised by WPXI appear to be of public importance, we are not persuaded that they are apt to avoid review. It does not seem likely to this Court that repeated attempts to intervene and obtain documents will be denied by a trial court, but each time another source will provide the sought-after documents before an appellate court is able to review the propriety of the trial court's actions. *Cf. In re Doe*, 33 A.3d 615, 622 (Pa. 2011) (noting that exception to mootness doctrine applies in abortion cases "because the questions … are of public importance, are capable of repetition, and may evade review due to the condensed time frame evident in every pregnancy").

Having determined that WPXI's issues are moot, but not likely to evade appellate review if repeated, we dismiss WPXI's appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 8/25/2016