J-S68023-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
 :   PENNSYLVANIA
    Appellee :
 :
    v. :
 :
SHERMAN COLEMAN, :
 :
    Appellant : No. 40 WDA 2016

Appeal from the PCRA Order entered December 7, 2015,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s): CP-02-CR-0000275-1988,
CP-02-CR-0000279-1988, CP-02-CR-0000281-1988

BEFORE:  SHOGAN, SOLANO, and STRASSBURGER,* JJ.

DISSENTING MEMORANDUM BY STRASSBURGER, J.

FILED: December 15, 2016

Because Appellant has received the orders he requested through his motion to compel,[1] I would dismiss this appeal from the denial of a motion to compel those orders as being moot.

> The mootness doctrine requires that an actual case or controversy must be extant at all stages of review…. Where the issues in a case are moot, any opinion issued would be merely advisory and, therefore, inappropriate.  An issue before a court is moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy.

---

[1] *See* Appellant's Brief at Exhibit B.

*Retired Senior Judge assigned to the Superior Court.

***In re 2014 Allegheny Cty. Investigating Grand Jury***, No. 950 WDA 2015, 2016 WL 4486856, at *1 (Pa. Super. 2016) (internal citations and quotation marks omitted).

Here, the Department of Court Records provided to Appellant the sentencing orders in its possession. Thus, there is nothing left for this Court to decide at this juncture. ***See In re 2014 Allegheny Cty. Investigating Grand Jury***, ***supra*** (holding that an appeal from an order denying access to documents is moot where the appellant acknowledges it has gained access to those documents). Accordingly, this appeal is moot and should be dismissed on that basis.