J-S86044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHERMAN COLEMAN | |
| Appellant | No. 1214 WDA 2016 |

Appeal from the Order July 19, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000275-1988;
CP-02-CR-0000279-1988; CP-02-CR-0000281-1988

BEFORE: GANTMAN, P.J., MOULTON, J., and STEVENS, P.J.E.*

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED DECEMBER 21, 2016**

Appellant, Sherman Coleman, appeals *pro se* from the order entered in the Allegheny County Court of Common Pleas, which denied his motion to supplement/correct the record on appeal at No. 40 WDA 2016. In May 1988, two jury trials resulted in Appellant's conviction of multiple counts of robbery and related offenses. The court sentenced Appellant to an aggregate term of 30-60 years' imprisonment on September 13, 1988. This Court affirmed the judgment of sentence on November 24, 1989, and Appellant did not seek further review with our Supreme Court. Between 1991 and 2012, Appellant filed eleven unsuccessful PCRA petitions. On January 13, 2015, Appellant filed a petition for expungement, which asked the court to release Appellant from custody because the certified record

_____

*Former Justice specially assigned to the Superior Court.

lacked a valid sentencing order. The court denied the petition on January 15, 2015, and Appellant timely filed a notice of appeal on February 12, 2015. On August 31, 2015, this Court affirmed. That same day, the Department of Court Records sent Appellant a copy of the September 13, 1988 sentencing order. Despite receipt of the sentencing order, Appellant filed a motion on October 1, 2015, to compel the production of a valid sentencing order, which the court denied on December 22, 2015. On January 7, 2016, Appellant timely filed a notice of appeal.[1]

On April 1, 2016, Appellant filed a motion in the trial court to supplement/correct the record on appeal. Appellant subsequently filed a motion in this Court, which asked this Court to compel the trial court to dispose of the motion. This Court granted the motion on July 6, 2016, and the trial court denied Appellant's motion to supplement/correct the record on July 21, 2016. On August 3, 2016, Appellant timely filed the instant notice of appeal from the denial of his motion to supplement/correct the record. No Rule 1925(b) concise statement was ordered or filed.

As a preliminary matter, Appellant's current challenge to the validity of the sentencing order in the certified record and request for the production of a valid sentencing order are identical to claims Appellant previously raised on several prior occasions. Specifically, Appellant raised this challenge in his

---

[1] This appeal is currently pending before another panel of this Court at docket No. 40 WDA 2016.

appeals from the denial of his January 13, 2015 petition for expungement and the denial of his October 1, 2015 motion to compel. Significantly, this Court affirmed the denial of Appellant's January 13, 2015 petition for expungement on August 31, 2015. In its disposition, this Court noted the presence of a valid sentencing order in the certified record as well as the entry of the sentencing order in the trial court's criminal docket. Importantly, this Court similarly rejected Appellant's sentencing order challenge when it affirmed: (1) the denial of Appellant's petition to review the denial of a private criminal complaint; and (2) the dismissal of Appellant's petition for writ of *habeas corpus*. **See Coleman v. SCI-Albion**, 121 A.3d 1144 (Pa.Super. 2015), *appeal denied*, ___ Pa. ___, 124 A.3d 308 (2015); **Coleman v. Giroux**, 125 A.3d 437 (Pa.Super. 2015), *appeal denied*, ___ Pa. ___, 130 A.3d 1285 (2016). Both dispositions also acknowledged the existence of a valid sentencing order. Thus, this Court has previously disposed of the claim now pending in this appeal.

Moreover, a review of the certified record belies Appellant's assertion that no valid sentencing order exists. The record contains the September 13, 1988 sentencing order. Additionally, the trial court's criminal docket entries reveal that the court entered the sentencing order in the criminal docket on September 13, 1988. Further, the record also includes the August 31, 2015 letter from the Department of Records to Appellant, which attaches the valid September 13, 1988 sentencing order. Because the court has

already provided Appellant with a copy of the valid sentencing order, the certified record contains the valid sentencing order, and this Court has disposed of Appellant's sentencing order challenge on several previous occasions, Appellant's claim is now moot. ***See In re 2014 Allegheny Cty. Investigating Grand Jury***, ___ A.3d ___, 2016 PA Super 188 (filed August 25, 2016) (explaining appeal is moot when party appealing has already obtained requested documents as no actual case or controversy exists). Accordingly, we dismiss the appeal as moot.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  12/21/2016