J-S10032-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: K.S., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: PHILADELPHIA DEPARTMENT OF HUMAN SERVICES | |
| | No. 1662 EDA 2016 |

Appeal from the Dispositional Order dated April 27, 2016
In the Court of Common Pleas of Philadelphia County
Family Court at No(s): CP-51-DP-0015141-2005

| | |
|---|---|
| IN THE INTEREST OF: T.B., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: THE CITY OF PHILADELPHIA, DEPARTMENT OF HUMAN SERVICES | |
| | No. 1677 EDA 2016 |

Appeal from the Order Entered April 27, 2016
In the Court of Common Pleas of Philadelphia County
Domestic Relations at No(s): CP-51-DP-0000921-2016

| | |
|---|---|
| IN THE INTEREST OF: M.B., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: THE CITY OF PHILADELPHIA, DEPARTMENT OF HUMAN SERVICES | |

J-S10032-17

Appeal from the Order Entered April 27, 2016
In the Court of Common Pleas of Philadelphia County
Domestic Relations at No(s): CP-51-DP-0000920-2016

IN THE INTEREST OF: N.B., A MINOR

APPEAL OF: THE CITY OF
PHILADELPHIA, DEPARTMENT OF
HUMAN SERVICES

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1684 EDA 2016

Appeal from the Order Entered April 27, 2016
In the Court of Common Pleas of Philadelphia County
Domestic Relations at No(s): CP-51-DP-0000922-2016

BEFORE: BENDER, P.J.E., DUBOW, J., and SOLANO, J.

MEMORANDUM BY SOLANO, J.: **FILED JULY 31, 2017**

Appellant, the City of Philadelphia Department of Human Services ("DHS"), appealed from the orders of the family court dated April 27, 2016, adjudicating minors K.S. (born 2000), N.B. (born January 2005), T.B. (born December 2005), and M.B. (born 2007) (collectively, "the Children") as dependent, but declining to find that DHS had made "reasonable efforts" to prevent or eliminate the need for placement. We dismiss the appeals as moot.

As set forth in our prior memorandum decision, *In re K.S.*, No. 1662 EDA 2016 (Pa. Super. Mar. 29, 2017) (unpublished memorandum), the

- 2 -

family court found the Children dependent but stated "that the Philadelphia Department of Human Services made NO Reasonable Efforts to prevent or eliminate the need for removal of this child from the home." Family Ct. Orders, 4/27/16 (emphasis in original). DHS appealed to this Court from the determination that it made no reasonable efforts, explaining that the finding implicated DHS' funding under the Social Security Act. After determining that DHS had standing to pursue the appeal, we held that the family court incorrectly based its determination regarding DHS' reasonable efforts on Section 6351(f) of the Juvenile Act, which deals with permanency hearings, rather than Section 6351(b), which deals with placement hearings. *See generally* 42 Pa.C.S. § 6351(b), (f). Because this matter is governed by Section 6351(b), we remanded with a direction that the family court determine within thirty days "'whether reasonable efforts were made prior to the placement of the child to prevent or eliminate the need for removal' or 'for an emergency placement, whether such lack of services was reasonable under the circumstances,'" pursuant to 42 Pa.C.S. § 6351(b)(2) and (3). *In re K.S.*, No. 1662 EDA 2016, at 15-16. We retained panel jurisdiction.

On May 15, 2017, the family court entered orders finding, among other things, "that Reasonable Efforts **were** made to Prevent or Eliminate Removal" of N.B., T.B., and M.B. Orders, 5/15/17 (emphasis added). On July 18, 2017, the family court entered a similar order regarding K.S. Order,

7/18/17.* Hence, the family court has now complied with our mandate in full. Accordingly, we now return to the merits of DHS's appeal, and, in light of the family court's May 15 and July 18, 2017 orders, we conclude that DHS' appeal is moot.

By way of background:

The mootness doctrine requires that an actual case or controversy must be extant at all stages of review. Where the issues in a case are moot, any opinion issued would be merely advisory and, therefore, inappropriate. An issue before a court is moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy.

\* \* \*

However, if the issues raised by an appeal are substantial questions or questions of public importance, and are capable of repetition, yet likely to evade appellate review, then we will reach the merits of the appeal despite its technical mootness.

*In re 2014 Allegheny Cty. Investigating Grand Jury*, 147 A.3d 922, 923-24 (Pa. Super. 2016) (internal quotation marks and citations omitted); *In re Gross*, 382 A.2d 116, 119-20 (Pa. 1978) (legal question can become moot on appeal as result of intervening change in facts of case); *Erie Ins. Exch. v. Claypoole*, 673 A.2d 348, 353 (Pa. Super. 1996) (*en banc*) ("a change in the facts may render a case moot even though it had once been

---

* In the body of the order, the date is listed as May 15, 2017; however, the order reflects that it was printed, and faxed to this Court, on July 18, 2017. It appears that the family court initially overlooked our mandate with respect to K.S. The court corrected that oversight after we contacted the court, and it then issued an order for K.S. that was identical (including the date) to that issued for the other children.

actual"). On remand to the family court, DHS obtained the relief it sought on appeal — a determination that DHS made reasonable efforts for the Children. Because DHS is no longer an aggrieved party, there is no extant case or controversy for this Court to resolve. ***In re 2014 Allegheny Cty. Investigating Grand Jury***, 147 A.3d at 923-24. We further conclude that whether the family court properly resolved whether DHS made "reasonable efforts" is an issue unlikely to evade appellate review, as that issue turns on the specific facts of each case and DHS may always appeal from any an adverse determination on that issue. For these reasons, we deem DHS's appeal moot.

Appeal dismissed as moot.

Judge Dubow did not participate in the consideration or decision of this case.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/31/2017

- 5 -