IN THE SUPREME COURT OF PENNSYLVANIA
WESTERN DISTRICT

| | | |
|---|---|---|
| IN RE: 2014 ALLEGHENY COUNTY INVESTIGATING GRAND JURY | : | No. 26 WAP 2017 |
| | : | |
| | : | Appeal from the Order of the Superior |
| | : | Court entered on 8/25/16 at No. 950 |
| APPEAL OF: WPXI, INC. | : | WDA 2015, dismissing the appeal from |
| | : | the order of the Court of Common Pleas |
| | : | of Allegheny County entered on 5/22/15 |
| | : | at No. CP-02-MD-0003179-2015 |
| | : | |
| | : | |
| | : | ARGUED: October 17, 2017 |

*OPINION*

**CHIEF JUSTICE SAYLOR**                    **DECIDED: November 22, 2017**

This appeal concerns an intermediate court's *sua sponte* determination of mootness, despite the agreement of the litigants that a live controversy remains extant.

Appellant, WPXI, Inc., owns and operates a television station engaged in news reporting. In 2015, the news service was investigating allegations of improper relationships between several teachers and students at the high school in the Plum Borough School District. In connection with this inquiry, WPXI filed a motion to intervene in the proceedings of the 2014 Allegheny County Investigating Grand Jury to gain access to unsealed documents, specifically, a search warrant and a related court order. In the motion, WPXI relied upon decisions concerning the common law right of access to public judicial records. *See, e.g.*, *Commonwealth v. Upshur*, 592 Pa. 273, 280-82, 924 A.2d 642, 647-48 (2007) (plurality).

The grand jury supervising judge denied relief on the motion. While acknowledging that a presumption of openness attaches to public judicial records generally, she reasoned that this presumption does not extend to records in grand jury proceedings. *Accord United States v. Smith*, 123 F.3d 140, 156 (3d Cir. 1997) ("[T]here is no common law right of access to grand jury materials."). Further, she concluded that the concern for secrecy attending grand jury matters outweighed WPXI's interest in gaining access.

In the course of her opinion, the supervising judge commented that "an individual who accepted a grand jury subpoena may have provided one media outlet with a copy of [the search warrant]." *In re 2014 Allegheny Cty. Investigating Grand Jury*, No. CP-02-MD-0003179-2015, *slip op.* at 4 (C.P. Allegheny July 23, 2015). She reasoned, however, that such a disclosure had no impact on the maintenance of secrecy for the documents within her control as the supervising judge of a grand jury. *See id.* at 4-5.

WPXI lodged an appeal, which was dismissed by a panel of the Superior Court upon its *sua sponte* invocation of the mootness doctrine. *See In re 2014 Allegheny Cty. Investigating Grand Jury*, 147 A.3d 922 (Pa. Super. 2016).[1] The panel explained that a matter is moot, and therefore nonjusticiable, "when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." *Id.* at 923-24 (quoting *Printed Image of York, Inc. v. Mifflin Press, Ltd.*, 133 A.3d 55, 59 (Pa. Super. 2016)). According to the panel, WPXI conceded in its brief that it had access to both of the documents that it sought,[2] and thus, a ruling in the

_____

[1] The mootness issue was not raised in the briefs filed in the Superior Court, and both parties to the present appeal relate that they agreed at oral argument before the panel that the matter was not, in fact, moot.

[2] WPXI's brief did indicate that the search warrant had been disclosed publicly. *See* Brief for Appellant in *In re 2014 Allegheny Cty. Investigating Grand Jury*, 147 A.3d 922, (continued…)

company's favor would have no practical effect. We allowed appeal to address the mootness issue.[3]

WPXI argues that public disclosure of judicial records does not moot a request for access from an official source. The company explains that news organizations have a compelling interest in verifying the accuracy and completeness of information, and accordingly, they cannot simply rely on an internet posting of the information. In this regard, WPXI highlights that it risks exposure to liability if information obtained from a non-public source is false or misleading. *See* Brief for Appellant at 16 (citing *Mosley v. Observer Publ'g Co.*, 427 Pa. Super. 471, 479, 629 A.2d 965, 969 (1993)). To the extent this Court would accept the Superior Court's determination of mootness in the first instance, WPXI invokes the various exceptions under the mootness doctrine. *See generally Commonwealth ex rel. Kearney v. Rambler*, 613 Pa. 32, 40-41, 32 A.3d 658, 663 (2011) (discussing the justiciability, despite the technical mootness, of issues that are of great public importance or are capable of repetition while evading review).

The Commonwealth, as appellee, concurs with WPXI that the issues raised on appeal in the Superior Court were not moot. "[T]o give a proper foundation for consideration of the propriety of the Superior Court's decision," the Commonwealth proceeds to discuss the exceptions to the mootness doctrine. Brief for Appellee at 5.

---

(…continued)
2015 WL 12752654, at *19. As to the order in question, the panel reasoned that WPXI had access to that order, since it had included in its brief a reference to a website link to an internet posting of the order. *See In re 2014 Allegheny Cty. Investigating Grand Jury*, 147 A.3d at 924.

[3] In light of the limited basis on which appeal was allowed, we offer no opinion concerning whether grand jury materials of the type at issue here are subject to a right of access either on common law or constitutional grounds.

We agree with WPXI that the common law right of access to public judicial records is not obviated by any and all forms of dissemination by third-party sources. Notably, this Court recognizes the important role of a vigorous free press in a democratic society. *See, e.g.*, *In re Dauphin Cty. Fourth Investigating Grand Jury*, 610 Pa. 296, 327 n.6, 19 A.3d 491, 509 n.6 (2011). We also appreciate the need for responsible media organizations to verify information, not only to protect against liability, but in furtherance of their professional calling to provide the public with accurate reporting. In this regard, we observe that the internet hosts a vast conglomeration of information with "varying degrees of reliability, permanence, and accessibility." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 648 (7th Cir. 2011).

We are cognizant that various courts, including this one, have found disclosure requests to be moot in light of the availability of other avenues for access.[4] There may indeed be circumstances in which it would be unreasonable for a person or organization to maintain a request for access to information that has been distributed widely via reliable sources and is readily verifiable. We are disinclined, however, to sustain a *sua sponte* mootness determination offering no assessment concerning reliability, verifiability, or completeness. Moreover, this Court has previously declined to reach outside the record to address mootness in circumstances involving a sharply presented

---

[4] In *Smith*, 123 F.3d at 140, the United States Court of Appeals for the Third Circuit found that a request by newspapers for a document was moot because the media organizations already possessed copies. *See id.* at 145-46. In *Commonwealth v. Long*, 592 Pa. 42, 922 A.2d 892 (2007), this Court indicated that a media request for access was moot in light of a third-party disclosure. *See id.* at 50, 922 A.2d at 897.

The treatment of the mootness concern in *Long*, however, was cursory, and the Court determined that exceptions to the mootness doctrine pertained in any event. *See id.* Accordingly, we decline to treat *Long* as binding authority for the proposition than any third-party disclosure will moot a request for access from an official source.

claim and an opportunity for the Court to provide clear guidance. *See, e.g.*, *Rendell v. Pa. State Ethics Comm'n*, 603 Pa. 292, 310, 983 A.2d 708, 719 (2009). Presently, we find that the Superior Court acted on insufficient information to support a *sua sponte* mootness determination and, accordingly, should have proceeded to the merits.

The order of the Superior Court is reversed, and the matter is remanded for further proceedings consistent with this opinion.


Justices Baer, Todd, Donohue, Dougherty, Wecht and Mundy join the opinion.