590 A.2d 291

**In re Former Judge Herbert R. CAIN, Jr., Court of Common Pleas Philadelphia, Pennsylvania.**

Supreme Court of Pennsylvania.

Argued Oct. 23, 1990.

Decided April 29, 1991.

Morris Paul Baran, Jenkintown, for respondent.

Robert Keuch, Executive Director, Harrisburg, for J.I.R.B.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION

ZAPPALA, Justice.

The issue presented in this appeal is whether Article V, Section 18($l$) of the Pennsylvania Constitution may be applied to a senior judge. We conclude that Article V,

Section 18(*l*) is applicable to a senior judge regardless of whether the senior judge is acting in such capacity at the time removal from judicial office is sought.

The Judicial Inquiry and Review Board (JIRB) filed a Petition to Implement Automatic Forfeiture of Judicial Office, which was subsequently amended, requesting this Court to issue a rule to show cause why Judge Herbert R. Cain, Jr. should not be subject to the provisions of Article V, Section 18(*l*) and be declared automatically removed from his judicial office as of April 17, 1988 and thereafter be ineligible for judicial office. On December 22, 1989, this Court issued the rule to show cause upon Judge Cain, Jr., returnable on January 22, 1990.

The factual allegations underlying the JIRB's petition are undisputed. Judge Cain, Jr. is a former judge who had served in the Philadelphia County Court of Common Pleas. Upon reaching his seventieth birthday on February 20, 1986, Judge Cain, Jr. was subject to the automatic retirement provision of Article V, Section 16(b) of the Pennsylvania Constitution. Subsequent thereto, he had served as a Senior Judge in the Philadelphia County Court of Common Pleas. On December 4, 1986, Chief Justice Robert N.C. Nix, Jr. issued an order revoking an earlier order assigning Judge Cain, Jr. to sit in the Philadelphia County Court of Common Pleas for a period from December 1, 1986 to December 31, 1986. He has not served as a senior judge since.

A federal grand jury returned an indictment against Judge Cain, Jr. on October 15, 1987, charging him with two counts of violating the Hobbs Act, 18 U.S.C. § 1951. The indictment charged him with accepting money from an attorney in two separate cases in exchange for action in criminal cases in which the attorney represented the defendants. Both incidents were alleged to have occurred while Judge Cain, Jr. was acting as a senior judge. He was found guilty after trial of one count of violating the Hobbs Act

and was sentenced on April 7, 1988 to serve a term of three years and pay a fine of $5,000.00 plus restitution and costs.

As a result of the conviction, the JIRB filed its petition seeking a declaration that Judge Cain, Jr. is automatically removed from his judicial office as of April 17, 1988 and thereafter is ineligible for judicial office. Judge Cain, Jr. argues that the mandatory retirement provision of Article V, Section 16(b), and the fact that he does not have an assignment as a senior judge, made the JIRB's request for sanctions moot. The JIRB asserts that the automatic forfeiture provisions of our Constitution are applicable to senior judges and that the issue has not been rendered moot by this Court's order revoking his assignment as a senior judge.

It is a well-established principle of law that this Court will not decide moot questions. The articulation of the mootness doctrine by Professor Gunther was acknowledged in our decision in *In re Gross*, 476 Pa. 203, 382 A.2d 116 (1978) as follows:

> The cases presenting mootness problems involve litigants who clearly had standing to sue at the outset of the litigation. The problems arise from events occurring after the lawsuit has gotten under way—changes in the facts or in the law—which allegedly deprive the litigant of the necessary stake in the outcome. The mootness doctrine requires that "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *G. Gunther, Constitutional Law* 1578 (9th ed. 1975).

476 Pa. at 209, 382 A.2d at 119. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law.

The concept of mootness focuses on a change that has occurred during the length of the legal proceedings. In this

case, neither the facts underlying the JIRB's petition nor the applicable law have changed from the inception of the proceedings. Therefore, the challenge is to this Court's authority in the first instance to declare that Judge Cain, Jr. be removed from judicial office and be ineligible for judicial office under Article V, Section 18($l$), rather than one of mootness.

Article V, Section 18($l$) provides,

A justice, judge or justice of the peace convicted of misbehavior in office by a court, disbarred as a member of the bar of the Supreme Court or removed under this section eighteen shall forfeit automatically his judicial office and thereafter be ineligible for judicial office.

The JIRB contends that Judge Cain, Jr. is subject to automatic forfeiture of his judicial office because he was convicted of "misbehavior in office by a court." Judge Cain, Jr. does not dispute the characterization of his conviction, but asserts that his compulsory retirement upon attaining age seventy constituted a removal from his judicial office and rendered him ineligible for judicial office.

Although Judge Cain, Jr. was not eligible to seek election to serve as a judicial officer or to serve as such by appointment, he was eligible for assignment by this Court for temporary judicial service, with his consent, pursuant to Article V, Section 16 of our Constitution. The quintessential question raised by this appeal then is whether eligibility for "judicial office" encompasses an assignment for temporary judicial service as a senior judge for purposes of Article V, Section 18($l$). We hold that it does.

"Judicial office" clearly refers to the position of justice of the peace, judge, or justice and its concomitant responsibilities and authority. The interpretation of judicial office suggested by the argument of Judge Cain, Jr. is unduly limited. It cannot be said that a retired judge serving under an assignment by this Court for temporary judicial service is not performing the services of a judicial office, so

that judicial office refers only to judicial positions filled prior to age seventy by the elective or appointive process.

In *Matter of Glancey*, 518 Pa. 276, 542 A.2d 1350 (1988), we stated:

Article V, section 18(*l*) is clear in its mandate that where the appropriate sanctions for the errant behavior of a judicial officer justifies the imposition of the censure of removal, it carries with it a permanent bar against future judicial service. This is a clear mandate of the people that ineligibility for future service must be part of the sanction imposed. Thus, the mere termination of the present term of office does not comply with the constitutionally mandated punishment if the established conduct requires the imposition of the sanction of removal.

518 Pa. at 283, 542 A.2d at 1353–54.

The language of Section 18(*l*) itself bars judges or justices from further judicial service in most cases when this Court acts to remove sitting justices or judges. *Judicial Inquiry and Review Board v. Snyder*, 514 Pa. 142, 523 A.2d 294 (1987). It is only this Court, however, that can sanction Judge Cain, Jr. for his conduct by finding him ineligible hereafter to serve as a senior judge.

Having concluded that Article V, Section 18(*l*) is applicable to retired judges who are eligible to serve as senior judges, it is evident that the facts set forth in the JIRB's petition warrant the relief requested. Accordingly, it is hereby declared that Judge Herbert R. Cain, Jr. is automatically removed from his judicial office as of April 17, 1988 and thereafter is ineligible for judicial office.

NIX, C.J., did not participate in the decision of this case.

LARSEN and McDERMOTT, JJ., did not participate in the consideration or decision of this case.

FLAHERTY, J., concurs in the result.