J-S20001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: G.H., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: K.H., MOTHER | No. 3230 EDA 2016 |

Appeal from the Dispositional Order dated September 13, 2016
In the Court of Common Pleas of Philadelphia County
Family Court at No(s): 51 FN 001254-2016
CP-51-DP-1000218-2016

BEFORE:  BOWES, J., OTT, J., AND FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY BOWES, J.:                    **FILED JUNE 05, 2017**

K.H. ("Mother") appeals from the September 13, 2016 order of adjudication and disposition wherein the juvenile court adjudicated her now sixteen-year-old daughter, G.H., dependent.  We dismiss the appeal as moot.

G.H. was born during January 2001.  She is the second of four daughters born to Mother and R.H. ("Father").  Father resides in Florida and maintains little relationship with G.H. or her three sisters.  The Philadelphia Department of Human Services became involved with the family on June 1, 2016, following a physical altercation between G.H. and Mother due to G.H.'s

defiance and use of profanity. Mother allegedly struck G.H. and threw a litter box at her.[1] On September 13, 2016, following a lengthy review of the record, the juvenile court adjudicated G.H. dependent based upon Mother's inability to provide parental care and control. Essentially, the juvenile court concluded that Mother could not meet her daughter's particularized emotional needs. The court placed G.H. in kinship care in the home of a friend. Mother filed a timely notice of appeal and complied with Pa.R.A.P. 1925(a)(2)(i) by concomitantly filing a concise statement of errors complained of on appeal.

While this appeal was pending, on March 7, 2017, the juvenile court entered a subsequent order wherein it found that G.H. was no longer a dependent child pursuant to the Juvenile Act 42 Pa.C.S. § 6301 *et seq*., discharged the adjudication of dependency, and expressly terminated its supervision.[2] The juvenile court's intervening action rendered the instant appeal moot insofar as it closed the dependency proceeding and ended the involvement of both the juvenile court and the Philadelphia Department of Human Services with this family. **See In re Cain**, 590 A.2d 291, 292 (Pa.

---

[1] The ensuing Child Protective Services report indicating Mother's alleged physical and emotional abuse of G.H. was determined to be unfounded.

[2] The juvenile court had previously entered an order on December 20, 2016, wherein it returned G.H. to Mother's physical custody under the continued supervision of DHS.

1991) ("An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law[.]"; *In re R.D.*, 44 A.3d 657 (Pa.Super. 2012) (reiterating, issue before court is moot if in ruling upon issue the court cannot enter order that has any legal force or effect). As it is impossible for this Court to provide Mother relief that would have any legal force or effect, the appeal is moot.

On May 1, 2017, we filed an order wherein we advised Mother of the interceding juvenile court order and granted her fourteen days to present her reasons, if any, that she believed the appeal is excepted from the mootness doctrine. As of the date of this judgment order, Mother has not responded to the May 1, 2015 order. Accordingly, we dismiss the appeal as moot.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/5/2017