J-S07010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: S.G.S., A MINOR<br><br>Appellant | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA<br><br><br><br>No. 1335 MDA 2016 |

Appeal from the Adjudication of Delinquency July 18, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-JV-0000353-2014

BEFORE: BOWES, LAZARUS AND MUSMANNO, JJ.

JUDGMENT ORDER BY BOWES, J.:                **FILED JULY 14, 2017**

S.G.S. appeals from the July 18, 2016 dispositional order that committed her to a secure drug treatment facility after she was adjudicated delinquent for committing conduct constituting possession of drug paraphernalia. As the matter is now moot, we grant Appellant's request to discontinue the appeal.

S.G.S. stipulated to the following facts. On January 30, 2014, a Pennsylvania State Police K-9 unit performed a random drug search of lockers at Brandywine Heights High School in Berks County, Pennsylvania. During the search, an unidentified student reported to a teacher that he or she overheard another student with the same Christian name as S.G.S. state, "I'm lucky it's in my bag and not in my locker." N.T., 6/26/15, at 7.

The teacher believed the reference related to S.G.S., and informed the school's guidance counselor of her suspicion. Under the impression that S.G.S. made the statement, the guidance counselor and the school principal pulled S.G.S. from class and searched her purse for contraband. The search revealed "three syringes; . . . one spoon; one empty . . . plastic baggie; two cotton Q-tips; [and] small pieces of cotton that contained a [b]rown residue." *Id*. at 7-9. The residue subsequently tested positive for heroin. *Id*. at 9.

The Commonwealth charged S.G.S. with possession of paraphernalia, and she moved to suppress the physical evidence as the fruit of an unconstitutional search. The juvenile court denied the suppression motion, and on July 18, 2016, it entered a dispositional order adjudicating S.G.S. delinquent and committing her to intensive drug and alcohol treatment at Abraxas Youth Shelter. During the dispositional hearing, the Commonwealth stipulated that, upon S.G.S.'s successful completion of the treatment program, it would agree to expunge the adjudication of delinquency from her juvenile record. N.T., 7/18/16, at 10. This timely appeal followed.

In her brief, S.G.S. argues that the search was constitutionally infirm because it was based upon the high school faculty's misinterpretation of the undisclosed informant's statement. However, on June 9, 2017, S.G.S.

petitioned to discontinue the appeal as moot.[1]  The petition avers that the juvenile court entered a subsequent order on March 28, 2017, wherein it found that S.G.S. was no longer a delinquent child pursuant to the Juvenile Act, released her from treatment, closed the case, and ordered that the matter be expunged immediately.  The juvenile court's intervening action rendered the instant appeal moot insofar as it terminated supervision, ended the juvenile court's involvement in the matter, and expunged the adjudication from the juvenile record.  **See In re Cain**, 590 A.2d 291, 292 (Pa. 1991) ("An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law[.]"; **In re R.D.**, 44 A.3d 657 (Pa.Super. 2012) (reiterating, issue before court is moot if in ruling upon issue the court cannot enter order that has any legal force or effect).  As it is impossible for this Court to provide S.G.S. relief that would have any legal force or effect, we agree with her assertion that the appeal is moot.

---

[1] The Commonwealth did not respond to S.G.S's application to discontinue the appeal.

Application to discontinue appeal granted.  Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/14/2017