J-A22001-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SANTANDER BANK, N.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| IHOC, LLC | : | |
| | : | |
| Appellant | : | No. 174 EDA 2019 |

Appeal from the Order Entered December 27, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 1610 03576

BEFORE: MURRAY, J., STRASSBURGER, J.[*], and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.: **FILED OCTOBER 02, 2019**

In this mortgage foreclosure action, IHOC, LLC (Appellant) appeals from the trial court's order denying reconsideration of its order amending to $50,823.02 the amount of damages attendant to the *in rem* default judgment entered June 13, 2018. Upon review, we dismiss the appeal.

The trial court summarized:

> On October 25, 2016, [Appellee, Santander Bank, N.A. (Santander)] filed a mortgage foreclosure complaint against [Appellant]. [Appellant] failed to respond to the complaint. On June 13, 2018, [Santander] filed a Praecipe for Entry of Default Judgment, which the Office of Judicial Records entered on that same date. On November 14, 2018, [Santander] filed a Motion to Reassess Damages, which the trial court granted on December 10, 2018.

> On December 26, 2018, [Appellant] filed a Motion for Reconsideration of the trial court's December 10, 2018 order, which the trial court denied on December 2[7], 2018. On January 7, 2019, [Appellant] filed a Notice of Appeal from the trial court's

_____
[*] Retired Senior Judge assigned to the Superior Court.

December 2[7], 2018 order denying [Appellant's] Motion for Reconsideration.

Trial Court Opinion, 1/23/19, at 1.  The trial court, like Santander, contends that this appeal should be quashed.  *See id.* at 1-2.

On January 31, 2019, Santander filed with this Court a motion to quash, alleging that Appellant improperly appealed from an order denying reconsideration.[1]  By order dated March 29, 2019, this Court denied the motion without prejudice.  On May 14, 2019, Santander filed a "renewed" motion to quash the appeal, reiterating that the appeal should be quashed because an order denying reconsideration is not appealable.  *See Commonwealth v. Moir*, 766 A.2d 1253, 1254 (Pa. Super. 2000) (an appeal from an order denying reconsideration is improper and untimely) citing *Valentine v. Wroten*, 580 A.2d 757 (Pa. 1990).  On May 29, 2019, this Court entered an order deferring the motion to this merits panel.

In response to Santander's renewed motion to quash, counsel for Appellant refers to Appellant IHOC, LLC and Nancy Abdellah interchangeably, and denies that "Nancy Abdellah is a non-party."  Response to Renewed Motion to Quash, 5/22/18, at 1.  Appellant admits, "Nancy Abdellah filed a Notice of Appeal."  *Id.* at 2.  However, Appellant claims "Nancy Abdellah filed

---

[1] Santander also averred that the appeal should be quashed because it was filed by Nancy Abdellah, who is not a party to the underlying action.  Motion to Quash, 1/31/19, at 5-6; Renewed Motion to Quash, 5/14/19, at 5-6.

an appeal of the Order dated December **7**, 2018." ***Id.*** (emphasis added). The record does not support this claim.

The trial court docket, as well as the trial court's verbatim December 27, 2018 order and Appellant's January 7, 2019 notice of appeal, indicate otherwise. The notice of appeal expressly states that it is being taken "from the ORDER entered in the above case, on the 27th day of December, 2018." Notice of Appeal, 1/7/19.

The order, which Appellant attached to the notice of appeal, reads:

**ORDER**

AND NOW, this 27th day of December, 2018, in consideration of the motion by defendant for Reconsideration of Order of December [10], 2018 to Reassess Damages for Foreclosure Nunc Pro Tunc, it is hereby ORDERED that the Motion is DENIED.

BY THE COURT

Order, 12/27/18.

While we do not disagree with the facts and law advanced by Santander and the trial court in support of quashal, we also recognize that Appellant filed the appeal within 30 days of the December 10, 2018 order reassessing damages, and for this reason, decline to quash the appeal. Pa.R.A.P. 903(a) (appeal shall be filed within 30 days of after the entry of the order from which the appeal is taken).

We are more persuaded by Santander's argument that the appeal is moot. Our review of the trial court docket confirms Santander's statement

that "the Property has already sold at Sheriff's Sale to a third party for a sum less than the amount granted in the order amending the judgment." Santander's Brief at 15. The docket in fact shows that the property was sold at Sheriff's Sale on February 5, 2016 for $47,200. Santander has indicated that it "received funds from the distribution of the sale" and "is not pursuing any additional personal judgment against Appellants so the judgment has no residual impact." Santander's Brief at 24-25.

In a prior decision finding mootness in a foreclosure action and dismissing the appeal, we stated:

> "Generally, an actual claim or controversy must be present at all stages of the judicial process for the case to be actionable or reviewable.... If events occur to eliminate the claim or controversy at any stage in the process, the case becomes moot." ***J.S. v. Whetzel***, 860 A.2d 1112, 1118 (Pa. Super. 2004) (quotation marks and citation omitted). "An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law." ***In re Cain***, 527 Pa. 260, 590 A.2d 291, 292 (1991). "An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect." ***Rivera v. Pennsylvania Dept. of Corrections***, 837 A.2d 525, 527 (Pa. Super. 2003).
>
> In the instant case, the order under review set aside the sheriff's sale and re-scheduled a sale for July 2, 2004. Despite the fact that Appellant filed an appeal, the order was never superseded. Consequently, the property was sold at the second sale, and now an order declaring the first sale valid would have no effect.

***Deutsche Bank Nat. Co. v. Butler***, 868 A.2d 574, 577 (Pa. Super. 2005).

Likewise, in this case, the intervening Sheriff's Sale on February 5, 2019 divested Appellant of any interest in the property. **See** Santander's Brief at

16-17, citing *See Insilco Corp. v. Rayburn*, 543 A.2d 120, 125-26 (Pa. Super. 1988). *See also Wells Fargo Bank, N.A. v. Long*, 934 A.2d 76, 80 (Pa. Super. 2007) (appellant is divested of all interest in the property when the sheriff's deed is acknowledged and recorded).

Accordingly, we dismiss the appeal because Appellant does not have any interest in the property and the appeal is moot.

Motion to quash denied. Appeal dismissed.

Judge Strassburger joins the memorandum.

Judge Pellegrini concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/2/19