J-S41007-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INT. OF: T.L., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: T.L., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1953 MDA 2019 |

Appeal from the Order Entered November 4, 2019,
in the Court of Common Pleas of York County,
Juvenile Division at No(s):  CP-67-DP-0000004-2018.

| | | |
|---|---|---|
| IN THE INT. OF: A.L., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: T.L., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1954 MDA 2019 |

Appeal from the Order Entered November 4, 2019,
in the Court of Common Pleas of York County,
Juvenile Division at No(s):  CP-67-DP-0000005-2018.

| | | |
|---|---|---|
| IN THE INT. OF: A.L., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: T.L., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1955 MDA 2019 |

Appeal from the Order Entered November 4, 2019,
in the Court of Common Pleas of York County,
Juvenile Division at No(s): CP-67-DP-0000006-2018.

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and STRASSBURGER, J.*

MEMORANDUM BY KUNSELMAN, J.:          **FILED NOVEMBER 19, 2020**

In this consolidated matter, Appellant T.L. (Mother) appeals from her dependent children's respective permanency review orders issued by the York County Court of Common Pleas – Juvenile Division. At issue is one of the 16 requisite findings a dependency court must render during each permanency review hearing. *See* 42 Pa.C.S.A. § 6351(f)(1-12); (f.2). Specifically, the Juvenile Act requires the court to determine the extent to which the parent has progressed toward alleviating the conditions which necessitated the original placement of her children. *See* 42 Pa.C.S.A. § 6351(f)(3). Following a November 4, 2019 permanency review hearing, the court determined Mother made minimal progress and recorded this finding in the children's respective orders; Mother appealed. After review, we conclude that the issuance of the ensuing termination decrees and our affirmance of the decrees under 23 Pa.C.S.A. § 2511(a)(2) and (b) rendered moot the specific issue of Mother's progress. Consequently, we dismiss.

This consolidated appeal concerns three of Mother's four children: 5-year-old T.L (born 2014); 6-year-old A.L. (born 2013); and 9-year-old A.L.

_____

* Retired Senior Judge assigned to the Superior Court.

- 2 -

(born 2010).[1]  We briefly note the procedural history of the dependency cases, as discussed in the dependency court's opinion:

> On January 4, 2018, an application for emergency protective custody was filed by [the] York County Office of Children, Youth and Families after receiving a referral due to allegations of sexual abuse.  On January 29, 2018, a dependency hearing was held, at which time the children were placed in foster care placement together.  In April 2018, another hearing was held and it was agreed that the children would all be moved to a different foster care home.  In October 2018, the children's foster parents were no[t] able to be a resource, so the children were moved to alternative placements.  These alternative placements of the children took place between the months of November 2018 and January 2019.
>
> A permanency review hearing was held on May 7, 2019, and a status review hearing was held on August 12, 2019.  Another permanency review hearing, and the hearing in question, was held on November 4, 2019.  At this hearing, both Mother and Father were present, and testimony was taken.  At the conclusion of the hearing, the court issued an order with findings that there has been minimal progress and compliance by Mother.  Mother filed [timely] notice[s] of appeal.

**See** Trial Court Opinion, dated 1/6/20, at 2 (some superfluous capitalization omitted).

After Mother filed this consolidated appeal, the lower court proceeded with termination hearings in February 2020 concerning all four children and their three respective parents.  The court subsequently terminated the parents' rights.  T.L. (Mother) and T.L. (Father) appealed their terminations;

---

[1] These children were born to T.L. (Father), who does not appeal.  Mother has another child, 11-year-old A.L. (born 2008), who is not a part of this appeal. The father of A.L. is R.V., who is also not party to the instant matter.

- 3 -

R.V. (Father of A.L.) did not. Those appeals are separately listed before this panel. **See** 436, 437, 438, 439 MDA 2020 (relating to Mother); **see also** 545, 546, 547 MDA 2020 (relating to Father).

Mother presents one issue for our review:

Did the lower court err as a matter of law and/or abuse its discretion in finding [Mother] had made minimal progress and there was minimal compliance?

Mother's Brief at 5.

Before we may address any substantive issue, we must determine whether the issue is appealable, because appealability implicates our jurisdiction. **See In Interest of N.M.**, 186 A.3d 998, 1006 (Pa. Super. 2018) (quoting **Kulp v. Hrivnak**, 765 A.2d 796, 798 (Pa. Super. 2000) ("[Since we] lack jurisdiction over an unappealable order, it is incumbent on us to determine, *sua sponte* when necessary, whether the appeal is taken from an appealable order.")). "Jurisdiction is purely a question of law; the appellate standard of review is *de novo* and the scope of review plenary." **Barak v. Karolizki**, 196 A.3d 208, 215 (Pa. Super. 2018) (citation omitted).

In order to be appealable, the order must be: (1) a final order, Pa.R.A.P. 341-342; (2) an interlocutory order appealable by right or permission, 42 Pa.C.S.A. § 702(a)-(b); Pa.R.A.P. 311-312; or (3) a collateral order, Pa.R.A.P. 313. Mother seems to suggest that her appeal fits neatly into the second category. Though she wholly sidesteps any real discussion of appealability, she does cite Pa.R.A.P. 311 in the Statement of Jurisdiction section in her

Brief. **See** Mother's Brief at 1. Our Rule of Appellate Procedure 311 provides that an interlocutory appeal as of right may be taken if "an order that is made final or appealable by statute or general rule, even though the order does not dispose of all claims and of all parties." **See** Pa.R.A.P. 311(a)(8). This Rule does not provide us with jurisdiction, however. Mother has not sought permission, nor are these orders appealable as of right by law. **See Interest of J.M.**, 219 A.3d 645, 650 n.4 (Pa. Super. 2019) (concluding that Rule 311 did not convey by right of law the ability of a mother to appeal from a permanency review order). Thus, whether the order is appealable would depend on either the final order doctrine under Pa.R.A.P. 341 or the collateral order doctrine under Pa.R.A.P. 313.[2]

But in this case, we need not decide whether the issues involved render the permanency review orders appealable. Even if the issue of Mother's progress were appealable, we conclude the effect of the subsequent termination decrees renders the issue moot.

_____

[2] Determining if a permanency review order is a final or interlocutory order has been a question of considerable perplexity. In the context of dependency proceedings, appealability often depends on the precise issue. On one hand, the order could be final and appealable pursuant to Pa.R.A.P. 341(b). **See also In re H.S.W.C.-B.**, 836 A.2d 908 (Pa. 2003). If not, the order is likely interlocutory, which is generally not appealable. But even if the permanency review order is interlocutory, it might still otherwise be appealable under the collateral order doctrine. **See** Pa.R.A.P. 313. This dichotomy was thoroughly addressed in our recent decision of **Interest of J.M.**, 219 A.3d 645 (Pa. Super. 2019).

"[A]n actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot." **Interest of J.L.**, 216 A.3d 233, 237 (Pa. Super. 2019). "The concept of mootness focuses on a change that has occurred during the length of the legal proceedings." **Id.** (quoting **In re Cain**, 590 A.2d 291, 292 (Pa. 1991)). "If an event occurs that renders impossible the grant of the requested relief, the issue is moot and the appeal is subject to dismissal." **Id.** (quoting **Delaware Ricer Preservation Co., Inc. v. Miskin**, 923 A.2d 1177, 1183 n.3 (Pa. Super. 2007)).

Here, there is no longer an actual case or controversy, by virtue of the termination order and subsequent appeal. The question presented in this appeal is the extent Mother progressed toward her reunification goal at the time of the November 2019 permanency review hearing. Because this Court has determined that the trial court did not abuse its discretion in concluding that the agency put forth sufficient evidence to terminate Mother's parental rights under 23 Pa.C.S.A. § 2511(a)(2) and (b) of the Adoption Act, the question of Mother's progress circa November 2019 is no longer relevant. Therefore, we dismiss the appeal as moot, because the relief Mother requests would not have any legal force or effect.

Appeal dismissed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/2020