J-S37032-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: THE LEAH GAIN SPECIAL NEEDS TRUST | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: WILMINGTON TRUST, N.A. | : : : : : : : | |
| | : | No. 1461 EDA 2021 |

Appeal from the Order Entered June 15, 2021
In the Court of Common Pleas of Chester County Civil Division at No(s):
1512-1598

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:               **FILED FEBRUARY 14, 2022**

Appellant, Wilmington Trust, N.A., ("Wilmington") appeals from the order entered by the Court of Common Pleas of Chester County which denied Wilmington's initial Motion for Legal Fees and Costs as moot in light of the lower court's companion order granting a separate and subsequent Motion for Sanctions that sought to hold opposing counsel personally liable to pay a portion of the legal fees and costs attributable to his dilatory conduct. Specifically, Wilmington asks whether the lower court committed reversible error in deeming the overarching Motion for Legal Fees and Costs moot. We reverse and remand.

As the instant non-precedential memorandum decision affects only the parties and lower court, who are familiar with all aspects of the present

_____

[*] Former Justice specially assigned to the Superior Court.

matter, a summary recitation of the pertinent facts and procedural history is apt.[1]

From September 26, 2012, to the end of 2016, Wilmington acted as the initial, court-approved trustee and administrator of the Leigh Gain Special Needs Trust ("Gain Trust"), which holds the net proceeds from a medical malpractice settlement reached in favor of then five-year-old Leah Gain, who sustained significant neurologic injury during her hospital birth.

On January 1, 2017, pursuant to a purchase/sale agreement between Wilmington and New York Private Trust Company ("NYPT"), NYPT assumed trustee duties, as Wilmington's agent, over the Gain Trust. On April 21, 2017, the lower court approved the change of trusteeship without objection.

On May 5, 2017, the Gains removed NYPT as trustee in favor of another entity. NYPT, therefore, filed its August 29, 2017, account of its administration of the Gain Trust. By Decree of August 2, 2018, the lower court confirmed the accounting and awarded counsel for NYPT attorney's fees of $59,978.66.

During this time, the lower court also entered a decree ordering Wilmington to file an account of its four-year, three-month administration of the Gain Trust. On January 6, 2020, Wilmington filed and served both its Account requesting $59,756.51 in trustee fees and its "Petition for Adjudication" thereof, which requested a $15,545 reserve comprising $5,545

---

[1] We discern no dispute between Wilmington, the lower court, and Luann and Matthew Gain, parents of Leah Gain, regarding the facts and procedural history as recounted below. Moreover, the Gains have not filed a brief in this appeal.

in attorney's fees and costs already incurred and up to $10,000 for additional fees and costs associated with defending its account against any objections filed on behalf of the trust. The accompanying notice letter advised that written objections to the account must be filed with the lower court by February 5, 2020.

The Gains delivered written objections to Wilmington on February 3, 2020, but we note with displeasure it was not until March 4, 2021, however, fourteen months after Wilmington's Account and notice letter were filed and served, that counsel for the Gains finally filed its objections with the lower court.

This intervening time involved multiple adjournments and continuances caused by counsel for the Gains, including: a requested one-month adjournment to March, 2020; a June 2020 telephonic conference at which the lower court instructed counsel that matters could not proceed until he filed the Gains' objections; counsel's requested continuance on September 23, 2020, two days before a scheduled hearing, for a personal matter; a scheduled hearing on January 11, 2021 at which the Gains and their counsel "forgot" to appear; a January 15, 2021 hearing at which the lower court again instructed that matters could not proceed until counsel filed objections; and a February 11, 2021 hearing at which the lower court advised once more that counsel's failure to file objections necessitated another continuance despite the attendance and readiness of all parties and witnesses.

During this sequence of delays, Wilmington filed and served its September 18, 2020, Motion for Payment of Legal Fees and Costs seeking an order that all such fees and costs of Wilmington be paid from the Gain Trust. On February 12, 2021, Wilmington filed a Motion to Adjudicate Account or Dismiss Objections, in which it advanced alternative positions that the Gains' objections to this point were either never filed or untimely filed. No timely response was filed to either motion.

Nearly five months after the applicable deadline, the Gains filed their March 5, 2021, counseled Response in Opposition to the Wilmington's Motion for Payment of Legal Fees and Costs. The court addressed the Motion and Response over two days of hearings only to learn counsel for the Gains wished to amend the Response because sections of it were inaccurate. By Order of March 10, 2021, the lower court ordered both parties to file proposed findings of fact and conclusions of law. Wilmington filed proposed findings on May 25, 2021, whereas the Gains supplied the court with no such filing.

On April 30, 2021, Wilmington filed a second motion pertaining to payment of its legal fees. Specifically, in its Motion for Sanctions, Wilmington now asked the lower court to hold opposing counsel personally liable for the portion of Wilmington's legal fees and costs sought in its September 18, 2020, Motion for Payment of Legal Fees and Costs attributable to counsel's dilatory actions and inactions throughout the relevant period.

On June 15, 2021, the lower court issued a decree granting Wilmington's Motion for Sanctions and directing opposing counsel to personally pay

$14,791.05 of the total amount of Wilmington's legal fees and costs. On the same day, the lower court overruled the Gains' objections to Wilmington's Account.

What is presently at issue, however, is the lower court's additional order of June 15, 2021, denying as moot Wilmington's Motion for Payment of Legal Fees and Costs. According to Wilmington, after the lower court's Decree for Sanctions against opposing counsel in the amount of $14,791.05, there remained $84,843.54 of the total legal fees and costs owed Wilmington, and the lower court should have entered a decree granting the Motion for Payment of Legal Fees and Costs and directing the Gain Trust to pay this remainder. Wilmington presented this argument in its July 2, 2021, motion for reconsideration before filing the present appeal on July 15, 2021.

For its part, the lower court opines that only upon having overruled the Gain Trust's objections to Wilmington's Account with its June 15, 2021, decree was it then able to undertake a final adjudication of the Account and award to Wilmington the balance of its legal fees and costs, to be paid by the Gain Trust. The lower court concluded that the filing of the present notice of appeal removed this matter from its jurisdiction.

Our standard of appellate review of an orphan's court decree employs a deferential standard. *In re Estate of Strahsmeier*, 54 A.3d 359, 362 (Pa. Super. 2012). However, we must ensure that the court's decision is free from legal error. *In re Estate of Rosengarten*, 871 A.2d 1249, 1253 (Pa. Super. 2005). Our Supreme Court has reiterated the principle that reviewing courts

are "bound by the trial judge's finding of facts unless the findings are not based on competent evidence. Conclusions of law, however, are not binding on an appellate court whose duty it is to determine whether there was a proper application of law to fact by the lower court." *In re Peery*, 727 A.2d 539, 540 (Pa. 1999) (citation omitted).

Therefore, an "orphans' court decision will not be reversed unless there has been an abuse of discretion or a fundamental error in applying the correct principles of law." *In re Estate of Leipold*, 208 A.3d 507, 510 (Pa. Super. 2019) (citations omitted and some formatting altered). An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record, discretion is abused. *In re Estate of Warden*, 2 A.3d 565, 571 (Pa.Super. 2010)(citation omitted).

"[A]n actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot." *Interest of J.L.*, 216 A.3d 233, 237 (Pa. Super. 2019). "The concept of mootness focuses on a change that has occurred during the length of the legal proceedings." *Id.* (quoting *In re Cain*, 590 A.2d 291, 292 (Pa. 1991)). "If an event occurs that renders impossible the grant of the requested relief, the issue is moot . . . ." *Id.* (quoting *Delaware Ricer Preservation Co., Inc. v. Miskin*, 923 A.2d 1177, 1183 n.3 (Pa. Super. 2007)).

Apparent to this Court is that Wilmington and the lower court are correct in their agreement that Wilmington is entitled to receive from the Gain Trust the remainder of unpaid legal fees and costs. Yet, the lower court entered a June 15, 2021, order denying Wilmington's Motion for Legal Fees and Costs as moot given its disposal of the Motion for Sanctions, even though legal fees and costs remained in issue under Wilmington's Motion for Legal Fees and Costs, and the lower court's jurisdiction to enter an order adjudicating the appropriate amount and payor of such fees and costs was still intact. Under such circumstances, the lower court's order granting Wilmington's Motion for Sanctions did not render moot the overarching Motion for Legal Fees and Costs.

Therefore, we reverse the order denying Wilmington's Motion for Legal Fees and Costs and remand for further proceedings to allow the lower court to complete its final Adjudication of the Account and enter an order on Wilmington's Motion for Legal Fees and Costs consistent with this decision.

Order reversed. Case remanded for further proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/2022

- 7 -