J-A13036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PURDY R. TRAN BAILER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOSHUA R. BAILER | : | |
| | : | |
| Appellant | : | No. 428 EDA 2022 |

Appeal from the Order Entered February 4, 2022
In the Court of Common Pleas of Chester County
Civil Division at No(s):  2019-09332-CU

BEFORE:  OLSON, J., DUBOW, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED JUNE 23, 2022**

Appellant, Joshua R. Bailer ("Father"), appeals from the order entered in the Chester County Court of Common Pleas, which granted the petition for special relief filed by Appellee, Purdy R. Tran Bailer ("Mother"), seeking temporary sole legal custody to make decisions concerning the COVID-19 vaccination for the parties' minor children, M.B. (born in May 2013) and M.L.B. (born in July 2015) ("Children").  We dismiss the appeal as moot.

The relevant facts and procedural history of this appeal are as follows. The parties are the biological parents of Children.  On September 13, 2019, Mother filed a divorce complaint.  The parties entered a stipulation regarding custody on February 6, 2020, by which the parties would share legal custody concerning Children, and Mother would have primary physical custody, subject to Father's periods of partial physical custody.

On November 24, 2021, Mother filed a petition for special relief seeking sole legal custody as it related to COVID-19 vaccinations for Children. Father filed an answer on January 12, 2022, opposing vaccination for Children. The court held a hearing on January 24, 2022. On January 28, 2022, the court entered an order stating: "[Mother's] request for temporary sole legal custody to make decisions regarding the vaccination of minor children…with the Pfizer BioNTech COVID-19 vaccine is GRANTED." (Order, 1/28/22, at 1). The court's decision in support of its order, also filed on January 28, 2022, contained slightly different language. That decision stated: "The court finds that it is in the best interest of [Children] to receive the Pfizer vaccine and Mother shall have temporary sole legal custody to permit Mother to have [Children] vaccinated against COVID-19 and receive all follow-up vaccinations for COVID-19." (Decision in Support of Order, 1/28/22, at 11).

On February 1, 2022, Father filed a timely notice of appeal and contemporaneous Pa.R.A.P. 1925(a)(2)(i) statement. That day, Father also sought to stay the order pending appeal, which the court denied.

Preliminarily, Mother has filed an application in this Court seeking to quash or dismiss the appeal as moot, contending that Children have already received both doses of the Pfizer COVID-19 vaccine. Mother acknowledges that the trial court's decision in support of its order might have extended Mother the authority to give Children booster shots, but Mother emphasizes that the court's order from which Father appealed did not grant her such

- 2 -

authority. In any event, Mother maintains there is no booster shot eligible for Children (in the age 5 to 11 bracket) for the COVID-19 vaccine at this time.[1]

Mother argues that no exception to the mootness doctrine applies in this case. Specifically, Mother claims the issue does not involve a matter of great public importance, where custody cases are fact specific and decided on a case-by-case basis. Mother insists this Court's decision concerning whether she can vaccinate Children would not apply across the board to all families. Mother also contends the issue of whether Children should be vaccinated is unlikely to be repetitive and apt to elude appellate review, because the trial court's decision cannot be applied wholesale to other children in other custody cases. Further, Mother claims there is no detriment to Father in this case where Children have already been vaccinated; as such, any alleged detriment has already passed.

In response, Father argues that the appeal is not moot because the trial court authorized Mother to give Children booster doses of the COVID-19 vaccine.[2] Father complains the court permitted Mother to get booster doses

---

[1] At the time Mother filed her application for relief, there was no booster shot eligible for children in the 5-11 age bracket. On May 17, 2022, the Food and Drug Administration ("FDA") authorized the use of a single booster dose for administration to children in the 5-11 age bracket. (*See* FDA New Release, Coronavirus (COVID-19) Update, at https://www.fda.gov/news-events/press-announcements/coronavirus-covid-19-update-fda-expands-eligibility-pfizer-biontech-covid-19-vaccine-booster-dose) (Last Visited June 10, 2022).

[2] In making this assertion, Father cites only to the decision in support of the court's order, and not the order itself.

of the vaccine at any time Children are eligible for a booster, regardless of their need, Father's opposition, or the time which has elapsed from the trial court's decision. Father insists this Court should follow the decision in *In re A.W.*, 187 A.3d 247 (Pa.Super. 2018), in which this Court decided that an appeal of an order authorizing the Department of Human Services ("DHS") to obtain vaccines against childhood illnesses for four dependent siblings met an exception to the mootness doctrine. For the following reasons, we agree with Mother that this appeal is moot.

We observe:

> As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. In that case, an opinion of this Court is rendered advisory in nature. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect. …
>
> * * *
>
> [T]his Court will decide questions that otherwise have been rendered moot when one or more of the following exceptions to the mootness doctrine apply: 1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court.

*In re D.A.*, 801 A.2d 614, 616 (Pa.Super. 2002) (*en banc*) (internal citations and quotation marks omitted). "The concept of mootness focuses on a change that has occurred during the length of the legal proceedings." *In re Cain*,

527 Pa. 260, 263, 590 A.2d 291, 292 (1991). "If an event occurs that renders impossible the grant of the requested relief, the issue is moot and the appeal is subject to dismissal." ***Delaware River Preservation Co., Inc. v. Miskin***, 923 A.2d 1177, 1183 n.3 (Pa.Super. 2007). Importantly, "mootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so. We are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." ***Spencer v. Kemna***, 523 U.S. 1, 18, 118 S.Ct. 978, 988, 140 L.Ed.2d 43 (1998).

Instantly, the parties do not dispute that Children have already received both doses of the Pfizer COVID-19 vaccine. As it relates to mootness, the parties argue over whether the court's decision, which contained slightly different language than the court's order, gave Mother authority to have Children receive booster shots in the future. Nevertheless, we do not read the court's order or the decision in support of the order as granting Mother authority to have Children receive COVID-19 booster shots.

Mother's petition for special relief, the court's January 28, 2022 order, and the court's January 28, 2022 decision in support of its order do not mention booster shots. Likewise, Mother did not offer any evidence at the January 24, 2022 hearing regarding whether Children's receipt of booster shots would serve their best interests. To the contrary, at the time the court heard evidence on Mother's petition for special relief, Children were **not**

eligible for COVID-19 booster shots. Although the court's decision in support of its order contained language stating that Children may "receive all follow-up vaccinations for COVID-19," read in the context of the facts of this case, we interpret the court's statement as referring to the second dose of the Pfizer vaccine.

As the only issue before the court at the hearing was whether Mother could have Children vaccinated against COVID-19, and not whether she could have them receive booster shots in the event that booster shots became available for Children at some point in the future, the court's order only granted Mother the authority to have Children receive both doses of the Pfizer vaccine. Children's receipt of both doses of the Pfizer vaccine constitutes an intervening change in the facts such that our decision concerning the propriety of the court's order would have no legal force or effect. ***See In re D.A., supra***; ***Delaware River Preservation Co., Inc., supra***. Therefore, the appeal is moot.

Turning to whether an exception to the mootness doctrine applies, Father does not explain why the issue before us is one of great public importance[3] or how he will suffer some detriment due to the decision of the trial court now that Children have already been vaccinated. (***See*** Father's

---

[3] Although Father's counsel asserted at oral argument that this issue is one of great public importance, Father's brief did not adequately preserve this argument as it pertains to an exception to the mootness doctrine.

Brief at 16-19). Instead, Father focuses on the second exception to the mootness doctrine—whether the question presented is capable of repetition and apt to elude appellate review. **See In re D.A., supra**. In support of his claim, Father relies on **Interest of A.W., supra**. Nevertheless, **Interest of A.W.** is distinguishable from this case. At the outset, the record in that case did **not** indicate whether DHS proceeded with the vaccinations of children while the appeal was pending. **See Interest of A.W., supra** at 250 n.3. But to the extent the matter "may technically be moot," this Court proceeded to address the merits, noting generally that the issue on appeal was capable of repetition and apt to elude appellate review. **Id.** at 250 n.4. This Court did not explain its rationale for why the issue was capable of repetition and apt to elude appellate review.

Here, there is no dispute that Children have already been given both doses of the COVID-19 Pfizer vaccine. Additionally, the facts of **Interest of A.W.** involved whether DHS had the authority to immunize children who have been adjudicated dependent, which could have been subject to repetition if DHS sought to have the children immunized with other vaccines as they grew older and were still in the custody of DHS. In this case, however, the court's order granted Mother **temporary** legal custody, was limited to the COVID-19 Pfizer vaccine, and Children have already received both doses of it. Therefore, the issue is not capable of repetition as it pertains to Children. **See Commonwealth v. Buehl**, 462 A.2d 1316, 1319 (Pa.Super. 1983) (stating

issue is "capable of repetition, yet evading review" when "(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again").[4]  In sum, Children's receipt of both doses of the Pfizer vaccine has eliminated the controversy in this case.  *See In re D.A., supra*.  Accordingly, we grant Mother's application for relief and dismiss the appeal as moot.

Appeal dismissed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: _6/23/2022_

_____

[4] Although Mother claimed the issue of whether Children should be vaccinated is unlikely to be repetitive and apt to elude appellate review, because the trial court's decision cannot be applied wholesale to other children in other custody cases, the requisite inquiry is whether the issue is subject to repetition as it concerns **the same complaining party**.  *See id.  See also Noll v. Abeln*, 266 A.3d 636 (Pa.Super. 2021) (unpublished memorandum), *appeal denied*, 2022 WL 949774 (Pa. Mar. 30, 2022) (stating same); Pa.R.A.P. 126(b) (stating we may rely on unpublished memorandum from this Court filed after May 1, 2019 for persuasive value).