J-S07040-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL ANTHONY BALTIMORE JR. | : | No. 1095 MDA 2024 |

Appeal from the Order Entered August 1, 2024
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0002097-2023

BEFORE: NICHOLS, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED: JULY 3, 2025**

Appellant, the Commonwealth of Pennsylvania, appeals[1] from the orders entered in the Cumberland County Court of Comon Pleas, on July 23, 2024, and August 1, 2024, denying its motion seeking recusal of the Honorable Edward E. Guido, President Judge Emeritus ("the trial judge"), from the underlying criminal matter, due to the alleged bias of his law clerk, Crystle Craig, Esquire; and asking for a full and fair hearing, before an impartial

---

[1] Generally, an order denying a Commonwealth's motion for recusal is interlocutory and is not considered final under Pa.R.A.P. 341. However, where the Commonwealth certifies in its notice of appeal that the denial of the recusal motion substantially handicaps the prosecution, it is appealable as of right under Pa.R.A.P. 311(d). **See Commonwealth v. White**, 589 Pa. 642, 910 A.2d 648 (2006). In an affidavit attached to its notice of appeal, the Commonwealth asserts that the order denying its request for recusal/disqualification "substantially handicaps the Commonwealth's prosecution because a biased court order can hamper its ability to present its case," and, thus, is appealable as of right pursuant to Rule 311(d). **See** Affidavit, 8/5/24, at 1-2. Therefore, this appeal is proper under Rule 311(d).

tribunal, to fully develop the record in the matter. We dismiss the appeal as moot.

The relevant facts and procedural history of this matter are as follows. In 2021, the Commonwealth charged Appellee, Michael Anthony Baltimore, Jr., with criminal homicide and related charges and filed notice of its intent to seek the death penalty. The matter was assigned to the trial judge. During the pendency of the matter, several incidents occurred between the Commonwealth's attorneys and Attorney Craig which ultimately led the Commonwealth, on July 3, 2024, to file a motion requesting that the trial judge recuse from the case.[2]

On August 1, 2024, after reviewing the Commonwealth's proffered evidence and resolving any issues of credibility in favor of the Commonwealth, the court determined that neither an evidentiary hearing nor recusal was necessary. Consequently, the court entered an order denying the recusal motion, but the court also precluded Attorney Craig from working on any cases involving the Commonwealth pending the resolution of any appeal. On August 5, 2024, the Commonwealth timely filed a notice of appeal per Rule 311(d). On August 6, 2024, the court ordered the Commonwealth to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The Commonwealth

_____

[2] Appellee did not take a position on the recusal motion and has not filed a brief on appeal.

timely complied on August 19, 2024.[3]

Notably, on June 9, 2024, during the pendency of the appeal, the Commonwealth sent post-submission communication to the parties and this Court pursuant to Pa.R.A.P. 2501, stating that on May 23, 2025, the trial judge *sua sponte* issued an order requesting that the Cumberland County Court Administrator reassign the matter due to the trial judge's impending retirement and the pendency of the instant appeal.[4]  On June 5, 2025, President Judge Albert H. Masland reassigned the matter to the Honorable Christylee Peck.

On appeal, the Commonwealth raises the following issues for our review:

> I. Whether the trial court erred as a matter of law and abused its discretion when denying the Commonwealth's request to refer the motion to a different judge to handle the recusal matter when its permanent judicial law clerk was a necessary witness and subject of the motion?
>
> II. Whether the trial court erred as a matter of law and committed an abuse of discretion by denying the recusal/disqualification motion without a full and fair hearing with live witness testimony on the matters raised in

---

[3] Meanwhile, the Commonwealth filed a motion at docket No. CP-21-MD-0000597-2024, seeking the trial judge's recusal from **all** criminal matters due to allegations of bias on the part of Attorney Craig ("the miscellaneous recusal docket"), which the court denied on September 4, 2024.  The Commonwealth appealed and, on January 17, 2025, this Court affirmed the denial of relief. ***See In re Cumberland County District Attorney's Office***, 330 A.3d 471 (Pa.Super. 2025).

[4] The Commonwealth has not withdrawn its appeal, nor asserted that the appeal is moot.

the motion where its judicial law clerk, and the trial court, was a necessary witness?

III. Whether the trial court erred as a matter of law and committed an abuse of discretion by denying the Commonwealth's Motion to Recuse/Disqualify [the trial judge]?

IV. Whether the trial court erred as a matter of law and abused its discretion by allowing the law clerk, a necessary witness in the proceeding, to participate in the decision and disposition of the Commonwealth's motions?

(Commonwealth's Brief at 5-6).

As a preliminary matter, we observe:

As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. In that case, an opinion of this Court is rendered advisory in nature. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect....

\* \* \*

[T]his Court will decide questions that otherwise have been rendered moot when one or more of the following exceptions to the mootness doctrine apply: 1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court.

*In re D.A.*, 801 A.2d 614, 616 (Pa.Super. 2002) (*en banc*) (internal citations and quotation marks omitted). "The concept of mootness focuses on a change that has occurred during the length of the legal proceedings." *In re Cain*, 527 Pa. 260, 263, 590 A.2d 291, 292 (1991). "If an event occurs that renders

impossible the grant of the requested relief, the issue is moot and the appeal is subject to dismissal." *Delaware River Preservation Co., Inc. v. Miskin*, 923 A.2d 1177, 1183 n.3 (Pa.Super. 2007). Importantly, "mootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so. We are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." *Spencer v. Kemna*, 523 U.S. 1, 18, 118 S.Ct. 978, 988, 140 L.Ed.2d 43 (1998).

Instantly, the trial judge is no longer presiding over this matter based on the reassignment of the case at the trial judge's request due to the trial judge's retirement plans. As such, the appeal is moot as any order entered by this Court regarding the propriety of the trial judge's recusal would no longer have legal force or effect. *See In re D.A., supra*. Further, no exceptions to the mootness doctrine apply here. First, the question does not involve one of great public importance. *See Bottomer v. Progressive Cas. Ins. Co.*, 580 Pa. 114, 120, 859 A.2d 1282, 1285 (2004) (noting great public importance exception is generally confined to narrow category of cases); *In re Gross*, 476 Pa. 203, 211, 382 A.2d 116, 120 (1978) (noting moot issues may be appropriately reviewed under great public importance exception where legislature recognized significance of such questions). Second, the issue is not capable of repetition, given the trial judge's impending retirement. *See Commonwealth v. Buehl*, 462 A.2d 1316, 1319 (Pa.Super. 1983) (stating issue is "capable of repetition, yet evading review" when "(1) the challenged

action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again").  Finally, no party will suffer detriment due to the decision of the trial judge: the Commonwealth has received what it asked for, and Appellee had taken no position on the recusal motion.  In sum, the trial judge's *sua sponte* request to have the case reassigned has eliminated the controversy in this case.  **See In re D.A., supra**.  Accordingly, we dismiss the appeal as moot.

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/3/2025